84 So.2d 770

**Willie GETER**

**v.**

**UNITED STATES STEEL CORP.**

**6 Div. 966.**

Supreme Court of Alabama.

Jan. 19, 1956.

Lipscomb, Brobston, Jones & Brobston, W. E. Brobston and Jerry Stapp, Bessemer, for appellant.

County, denying the petitioner workmen's compensation upon complaint filed in said court.

The petitioner's action for workmen's compensation was brought under the 1951 amendment to the Workmen's Compensation Law of Alabama, Code 1940, Tit. 26, § 313(1) et seq., treating occupational pneumoconiosis as an accident. The proceeding was against defendant, United States Steel Corporation, a corporation. The petitioner claimed compensation for total and permanent disability caused from occupational pneumoconiosis contracted in defendant's Docena Coal Mine, claiming that such disease arose out of and in the course of his employment with the defendant and resulted from the nature of the employment in which plaintiff was engaged for defendant.

The cause was submitted upon petition for workmen's compensation, answer and replication, together with testimony presented in open court and exhibits introduced.

J. R. Forman, Jr., C. V. Stelzenmuller and Burr, McKamy, Moore & Thomas, Birmingham, for appellee.

At the hearing it was stipulated that the parties were subject to the provisions of the Workmen's Compensation Law of Alabama, and that plaintiff, who was fifty-one years of age, had worked underground in defendant's coal mine since the year 1926. During his employment he was exposed to the hazards of coal dust, and his last employment was on October 10, 1952.

Upon leaving defendant's mine on October 10, 1952, his physical condition was diagnosed as active tuberculosis, in the contagious stage. About three weeks thereafter, during which time he had remained at home and in bed, he was taken by rail transportation to a sanatorium in North Carolina. His condition was there diagnosed as advanced tuberculosis and pneumoconiosis, and emphysema. An operation was performed on his chest and he remained a patient at this hospital until some time in August of 1954 when he returned to Birmingham. He is now, and has been since leaving the employ of defendant, totally and permanently disabled from performing any gainful employment

PER CURIAM.

This review is by certiorari to test the conclusions of law reached in a final judgment of the Circuit Court of Jefferson

as a result of his pneumoconiosis and tuberculosis. Plaintiff has a dependent wife.

The foregoing are some of the facts found by the court in its decree.

The defendant pleaded in defense the statute of limitation of one year, as provided in section 313(10), Title 26, pocket part, Code.

The petitioner contended that section 313 (16), Title 26, pocket part, Code, reads into this statute of limitation section 296, Title 26, Code.

Section 296, supra, provides in material part: "In case of *physical* or *mental* incapacity, *other than minority* of the injured person or his dependents, to perform or cause to be performed any act required within the time in this section specified, the period of limitation in any such case shall be extended to become effective one year from the date when such incapacity ceases". Section 313(10), supra, in material part provides: "In case of *mental* incapacity of the injured employee or his dependents, to perform or cause to be performed any act required within the time in this section specified, the period of limitation in any such case shall be extended to become effective one year from the date when such incapacity ceases". (Italics supplied.) It will be noted that section 313 (16), supra, brings forward into the new article all of the old law that is not inconsistent with the new. It reads:

"All of the provisions of articles 1, 2 and 3 of chapter 5, Title 26, Code of 1940, as amended, except section 294, shall be applicable to this article, unless otherwise provided or inconsistent herewith".

Section 11 of the Act, § 313(10), Code, supra, sets up a statute of limitations which is applicable alone to the occupational disease which is defined in the Act. Section 296, supra, provides a statute of limitations for all claims resulting from accidents as defined in the Code. They both fix one year as a limitation on the assertion of the claim. Section 296 fixes the date of the accident as the beginning of the period, subject to the named exceptions. Section 11, § 313(10), supra, fixes the "date of the injury, as hereinafter (thereinafter) defined" as the beginning of the period subject to named exceptions different from those set up in section 296, to which we have referred specifically above. "The date of injury" is defined in the last sentence of section 11, § 313(10), as "the date of the last exposure to the hazards of the disease in the employment of the employer in whose employment the employee was last exposed, within a period of five years prior to the date of the injury, to the hazards of the disease in each of at least twelve months".

Counsel for petitioner contend that section 17 of the Act of 1951, section 313(16), Title 26, supra, serves to add to section 11, supra, all the provisions of section 296, supra, not included expressly in it, and not inconsistent with it, which means to contend that the clause tolling the statute for incapacity as set out in section 296 should be applicable to section 11, because it is not *inconsistent* with said section 11 as set out in the Act. The argument is that such construction would only add to section 11 provisions which are not inconsistent with those of section 11, but are merely in addition thereto. Counsel refer to the principle applicable to section 89 of the Constitution, which prohibits a city from enacting an ordinance inconsistent with a State law. That is not violated by an ordinance which adds matter not inconsistent with what is set out in the State law. City of Birmingham v. West, 236 Ala. 434(2), 183 So. 421; Smith v. Town of Notasulga, 257 Ala. 382(2), 59 So.2d 674. They argue that there can be no rational reason for writing different incapacity clauses in the two acts: that they are not only not *inconsistent,* but that we must assume that when the legislature wrote the incapacity clause it knew that there was no inconsistency in those two clauses, so that the one in section 296 would apply to section 11 of the Act.

We agree it is difficult to understand why there should be a difference in the two clauses. But we must also remember that legislative language which is clear

and deliberately made, is conclusive on the Court in regard to its meaning. And where it is clearly expressed it is our duty to apply it as so expressed. While we must look to the whole Act to get a clear idea of its meaning, we cannot ignore clearly expressed terms because we are not able to understand the reason behind them.

There is much occasion for the operation of section 17, § 313(16), supra, without having it substitute the incapacity clause of section 296, supra, for the incapacity clause clearly set out in section 11, supra. Section 17 of the Act is very general in its terms. It does not provide expressly that section 296, Title 26, shall apply to section 11 of the Act when not inconsistent with it. Section 17, § 313(16), does not mention either section 296 or section 11. But it refers to all the provisions of Articles 1, 2 and 3 of Chapter 5, except section 294, Title 26, and makes them applicable to this (added) article, "unless otherwise provided or inconsistent herewith".

■ Our cases, without conflict, give emphasis to the well defined rule that " ' "special provisions relating to specific subjects control general provisions relating to general subjects" ' "; and " ' "when the law descends to particulars, such more special provisions must be understood as exceptions to any general rules laid down to the contrary." ' " Miller v. State ex rel. Peck, 249 Ala. 14, 29 So.2d 411, 416, 172 A.L.R. 1356; Alabama Electric Co-op. v. Alabama Power Co., 251 Ala. 190, 36 So.2d 523; State v. Elliott, 246 Ala. 439, 21 So.2d 310; Downing v. City of Russellville, 241 Ala. 494, 3 So.2d 34; Herring v. Griffin, 211 Ala. 225, 100 So. 202; Pepper v. Horn, 197 Ala. 395, 73 So. 46; City of Birmingham v. Southern Express Co., 164 Ala. 529(6), 51 So. 159; City Council of Montgomery v. National Building & Loan Ass'n, 108 Ala. 336, 18 So. 816.

■ We think it is perfectly clear that the legislature in drafting section 11, the statute of limitations, took from section 296, Title 26, as much of it as was intended to apply to the occupational disease there dealt with. It is inconceivable that the legislature intended to include material features of the incapacity clause of section 296 when, apparently, they were intentionally omitted; and, therefore, we cannot agree that the general terms of section 17, § 313 (16), supra, should supersede the specific provisions of section 11 of the same Act.

The judgment of the circuit court was in accord with our interpretation of the law and it should be affirmed.

The foregoing opinion was prepared by FOSTER, Supernumerary Justice of this Court, while serving on it at the request of the Chief Justice under authority of Title 13, section 32, Code, and was adopted by the Court as its opinion.

Judgment affirmed.

LIVINGSTON, C. J., and LAWSON, STAKELY and MAYFIELD, JJ., concur.