This is an appeal from an order of the Circuit Court of Mobile County denying the petition for a writ of mandamus to the City Council of the City of Mobile ordering the council to give effect to a council resolution appointing Murphy to the office of municipal judge.
The City of Mobile's municipal court operates with two part-time municipal judges, who are appointed by the City Council.
Both parties concede that the City Council has the power of appointment to the office of municipal judge. The sole issue is whether this power of appointment is governed by the five-vote requirement of § 11-44C-28, Code 1975, or by the majority-vote provision of § 12-14-30(a), Code. There are seven members on the Mobile City Council.
We hold that the City Council's power to appoint municipal judges is governed by § 12-14-30(a), Code, and we reverse the trial court's order denying the writ.
After the expiration of the term of one municipal judge, a resolution was presented to the City Council, at a regular council meeting, nominating Murphy for appointment to that municipal judge position. Four members of the seven-member council voted in favor of the resolution; three voted against it. The presiding officer of the council declared that the resolution had failed, since it did not receive five votes. This decision was based upon § 11-44C-28, Code, which provides:
 "The affirmative vote of at least five members of the council shall be sufficient for the passage of any resolution, bylaw, ordinance, or the transaction of any business of any sort by the said council or the exercise of any of the powers conferred upon it by the terms of this chapter or bylaw, or which may hereafter be conferred upon it." (Emphasis added.) *Page 244 
This applies only to Class 2 municipalities, those having a population between 175,000 and 399,999.
Amendment No. 328, Constitution of Alabama 1901 (the Judicial Article), provides that the judicial power of the State shall be vested in a unified judicial system consisting of various courts, including "such municipal courts as may be provided by law." § 6.065 of the Judicial Article provides: "Municipal judges shall be appointed and vacancies filled by the governing body of the municipality, in accordance with uniform terms,conditions and procedures as may be provided by law. . . ." (Emphasis added.)
Amendment No. 328 of the Constitution was proclaimed ratified December 27, 1973 (Proclamation Register No. 3, p. 32).
Pursuant to Act No. 1205, Acts of Alabama 1975, § 8-101 (§12-14-1, Code), a municipal court was established for eachmunicipality within the state, subject to an exception which is not applicable in this case. Section 8-102 of that Act (§12-14-30, Code) provides:
 "(a) The governing body of the municipality shall, by vote of a majority of its members appoint judges of the municipal court." (Emphasis added.)
The remainder of this section sets out the terms of such municipal judges and certain conditions and procedures involving such judges.
Section 12-14-30(a) is specific. It relates only to the appointment of municipal judges. Section 11-44C-28 is general and could relate to anything. There is a rule of statutory construction that specific provisions relating to specific subjects are understood as exceptions to general provisions relating to general subjects. Bouldin v. City of Homewood,277 Ala. 665, 174 So.2d 306 (1965); Geter v. United States SteelCorp., 264 Ala. 94, 84 So.2d 770 (1956). Therefore, we interpret the majority-vote requirement pertaining to the appointment of municipal judges as an exception to the five-vote requirement for the adoption of other kinds of ordinances. Since we interpret § 12-14-30(a) as being an exception to § 11-44C-28, it is not necessary to decide whether § 11-44C-28, Code, would be constitutional if it did effectively repeal § 12-14-30(a), Code, for lack of the uniformity required by § 6.065 of the Judicial Article.
The trial court's statement that it was not necessary for the court to reach the question of the requisite number of votes since the February 4, 1986, resolution had never been officially adopted or considered by the City Council is in error.
The following appears in the minutes of the February 4, 1986, City Council meeting:
 "AUTHORIZE APPOINTMENT-MUNICIPAL COURT JUDGE. The following resolution was introduced by Council-member Peavy.
"03-232 RESOLUTION 1986
"Sponsored by: Rules Committee
 "BE IT RESOLVED BY THE CITY COUNCIL OF MOBILE, ALABAMA, that Michael T. Murphy is hereby appointed as Municipal Judge, part-time, pursuant to the provisions of Section 12-13-30, Code of Alabama, 1975, for a period of two years effective this date.
 "The resolution was read by the City Clerk, and unanimous consent for its immediate consideration being granted Councilmember Peavy moved its adoption which motion was seconded by Councilmember Copeland and upon the roll being called the vote was as follows: "Ayes: Copeland, Baxter, Peavy, Chapman
"Nays: Watson, Tunstall, Johnson
 "The vote was then announced by the City Clerk, whereupon the Presiding Officer declared the motion fails due to the lack of a required majority."
We reverse the trial court's order denying the writ and remand for the trial court to grant the writ.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, ALMON and BEATTY, JJ., concur. *Page 245