HOLMES, Judge.
This appeal involves an interpretation of Act No. 85-796, Ala. Acts 1985.
Clara Turner, Carolyn Ashley, Patricia Yeager, Aliene Lively, Sarah Holmes, Gladys Blair, and James Reynolds, employees of the Cullman County Commission on Education (hereinafter commission), com *185 menced this action by filing a bill for a declaratory judgment. They sought a determination that the commission violated Act No. 85-796, Ala. Acts 1985, by failing to pay a $1,000 additional annual pay supplement provided by the Act. The trial court entered a judgment, denying the employees relief, and they appeal.
The employees were employed under annual contracts in the position of “bus driver” by the commission. In addition to their regular bus routes, five of these employees also drive vocational school bus routes; Gladys Blair, in addition to her regular bus route, also drives a bus route to and from a federally funded “Head Start” program; James Reynolds, in addition to his regular bus route, is employed as a “station head,” which encompasses various minor tasks, including the gasing and oiling of the buses and the record keeping thereof.
For the 1985-86 school year, each employee had one contract with the commission for the single position of “bus driver”; each was trained, tested, and certified as a bus driver, and each used the same bus and the same skills in operating the buses, irrespective of the destinations. Lastly, all were generally reviewed and evaluated as bus drivers by the commission. The employees received extra pay to compensate for the additional bus routes or duties that they performed for the commission. The commission approved, and each employee received a $1,000 per year pay supplement as directed by the Act, but none received an annual pay supplement based upon the additional routes driven or duties performed. Stated another way, the employees wanted two $1,000 pay supplements since they performed two “different” functions.
Since this case centers around the interpretation of Act No. 85-796, Ala. Acts 1985, the pertinent portions are set out below:
“AN ACT
“To provide a pay increase for both tenured and non-tenured professional public school educators; to provide for an additional annual pay supplement for educational support personnel; to provide a pay increase for employees in Adult Basic Education; to provide at least a 5 percent increase for all full-time Junior and Technical College personnel; to provide other equity raises for Junior and Technical College personnel; and to restructure the Salary Schedules for Junior and Technical Colleges so as to create additional pay steps. All provisions of this Act shall be effective for the state fiscal year beginning October 1, 1985, from funds allocated.
“Be It Enacted by the Legislature of Alabama:
“Section 1. Legislative Intent: It is the intent of the Legislature ... to provide an annual salary supplement in the amount of one thousand dollars ($1,000) for all full-time educational support personnel who work a minimum of 20 hours per week and all adult school bus drivers for grades K-12; and to provide an annual salary supplement in the amount of four hundred fifty dollars ($450) for student school bus drivers....”
“Section 2. The state budget officer shall allocate to the State Board of Education and the Board of Trustees of the Alabama Institute for Deaf and Blind and the Board of Youth Services Department District for disbursement the funds based on the following criteria:
[[Image here]]
“(e) An amount of $1,000 to all full-time support employees working a minimum of 20 hours per week for all local boards of education and the Boards of Trustees of the Alabama Institute for Deaf and Blind and the Youth Services Department District and all full-time employees in the schools under their jurisdiction (including Head Start employees). Those employees working less than a minimum of 20 hours per week shall receive pro rata salary increases based on the percentage of full-time work as defined herein above.
“(f) An amount of $1,000 to all adult bus drivers and an amount of $450 to all student bus drivers employed by the local boards of education and the Board of *186 Trastees of the Alabama Institute for Deaf and Blind and the Youth Services Department School District.
[[Image here]]
“Section 7. The pay increases contained herein are granted for each position held by the employee. Commensurate pay increases shall be granted to the employee as enumerated herein for each position employed.
“Section 8. No support personnel employed by a public school system nor any professional or support personnel employed by a postsecondary junior or technical college shall be dismissed or have his/her work hours reduced due to the provisions of this Act.”
As indicated, the employees argue that they are entitled to two annual pay supplements: one based upon each of their positions as bus drivers for their regular bus routes and another annual pay supplement based upon their additional responsibilities as bus drivers for the vocational or Head Start routes or, with respect to James Reynolds, the additional responsibilities of station head. The trial court, after an ore tenus hearing, held that the employees “hold only one position ... [t]hat of a bus driver with additional duties_”
The employees stress that Section 7 of the Act entitles them to the second annual pay supplement because they hold two separate positions with the commission.
The dispositive issue on appeal is whether the trial court erred in denying the second annual pay supplement based upon the extra duties performed by each employee.
We shall analyze the Act in light of the employees’ assertions.
We agree that Section 7 of the Act requires the appropriate salary supplement on a per position basis and not on a per employee basis. But Section 7 also requires that the pay increases “shall be granted to the employee as enumerated herein for each position employed.” (Emphasis supplied.) Thus, the clear meaning of this section mandates that the different positions are to be determined and classified under section 2(a) through 2(h) of the Act.
Section 2(a) through 2(h) sets up the criteria upon which the pay increases shall be allocated to employees. Clearly, in order to be paid more than one annual pay supplement, an employee must hold more than one of the enumerated positions which are segregated and defined by the criteria in section 2(a) through 2(h). A fundamental rule of statutory construction is to ascertain and give effect to the intent of the legislature. Clark v. Houston County Commission, 507 So.2d 902 (Ala.1987).
Section 2(e) is quite general in operation, applying broadly to “all full-time support employees working a minimum of 20 hours per week.” Section 2(f) is very specific. It relates only to “bus drivers.” Specific provisions relating to specific subjects are understood as exceptions to general provisions relating to general subjects. Murphy v. City of Mobile, 504 So.2d 243 (Ala.1987). Therefore, we interpret that the specificity of section 2(f), stating “bus drivers,” indicates a legislative intent to remove all “bus drivers” from the operation of the more general section 2(e), relating to “support employees.” Since we interpret section 2(f) as an explicit exception to 2(e), bus drivers must be employed in another separate and distinct position with the commission in order to qualify for a second pay supplement.
The trial court found that the employees hold the single position of “bus drivers” and thus were entitled to only one annual pay supplement, and we find this determination to be correct.
This case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and INGRAM, J., concur.