BRADLEY, Presiding Judge.
This appeal is from the denial of a pay increase to an employee of the Scottsboro City Board of Education (Board) as authorized by Act No. 85-796, Ala.Acts 1985.
Gerald Machen was employed by the Board to drive a school bus. He drove a bus on a “regular” route and a vocational school route. The “regular” route consists of a high school route and elementary route driven morning and afternoon. The vocational school route consists of trips from the high school to the vocational school and return trips during the day. Mr. Machen is paid extra for driving the bus on the vocational school route.
The Board gave Mr. Machen a $1,000 salary increase for the regular route and a $744.96 salary increase for the vocational school route. Mr. Machen appealed to the Circuit Court, contending that he was entitled to two $1,000 salary increases because he held two bus driver positions. After a hearing the circuit court found that Ma-chen held two positions, i.e. regular bus driver and vocational bus driver. However, the court determined that Machen was entitled to only one $1,000 salary increase because a vocational school bus driver was not an “additional bus driver for grades K-12” as provided in Act 85-796. Mr. Machen appeals and says that pursuant to Act 85-796 he was entitled to receive a $1,000 salary increase for being a vocational school bus driver.
The pertinent provisions of Act 85-796 are as follows:
“AN ACT
“To provide a pay increase for both tenured and non-tenured professional public school educators; to provide for an additional annual pay supplement for educational support personnel; to provide a pay increase for employees in Adult Basic Education; to provide at least a 5 percent increase for all full-time Junior and Technical College personnel; and to restructure the Salary Schedules for Junior and Technical Colleges so as to create additional pay steps. All provisions of this Act shall be effective for the state fiscal year beginning October 1, 1985, from funds allocated.
“Be It Enacted by the Legislature of Alabama:
“Section 1. Legislative Intent: It is the intent of the Legislature ... to provide an annual salary supplement in the amount of one thousand dollars ($1,000) for all full-time educational support personnel who work a minimum of 20 hours per week and all adult school bus drivers for grades K-12; and to provide an annual salary supplement in the amount of four hundred fifty dollars ($450) for student school bus drivers....
“Section 2. The state budget officer shall allocate to the State Board of Education ... for disbursement the funds based on the following criteria:
[[Image here]]
“(e) An amount of $1,000 to all full-time support employees working a mini *29 mum of 20 hours per week for all local boards of education ... and all full-time employees in the schools under their jurisdiction (including Head Start employees). Those employees working less than a minimum of 20 hours per week shall receive pro rata salary increases based on the percentage of full-time work as defined herein above.
“(f) An amount of $1,000 to all adult bus drivers and an amount of $450 to all student bus drivers employed by the local boards of education....
[[Image here]]
“Section 7. The pay increases contained herein are granted for each position held by the employee. Commensurate pay increases shall be granted to the employee as enumerated herein for each position employed....”
The issue for resolution in the case at bar is whether a school bus driver is entitled to receive an additional $1,000 salary increase for being a vocational school bus driver as well as a regular route bus driver.
In the recent case of Turner v. Cullman County Commission on Education, 535 So.2d 184 (Ala.Civ.App.1988), this court had before it a very similar factual situation. In the cited case the employees drove a regular bus route and in addition drove vocational and Head Start routes. They contended that they held two positions within the meaning of section 7 of Act 85-796 and thus were entitled to two $1,000 salary increases.
We held that:
“Section 7 of the Act requires the appropriate salary supplement on a per position basis and not on a per employee basis. But Section 7 also requires that the pay increases ‘shall be granted to the employee as enumerated herein for each position employed.’ (Emphasis supplied.) Thus, the clear meaning of this section mandates that the different positions are to be determined and classified under section 2(a) through 2(h) of the Act.
“Section 2(a) through 2(h) sets up the criteria upon which the pay increases shall be allocated to employees. Clearly, in order to be paid more than one annual pay supplement, an employee must hold more than one of the enumerated positions which are segregated and defined by the criteria in section 2(a) through 2(h). A fundamental rule of statutory construction is to ascertain and give effect to the intent of the legislature. Clark v. Houston County Commission, 507 So.2d 902 (Ala.1987).
“Section 2(e) is quite general in operation, applying broadly to ‘all full-time support employees working a minimum of 20 hours per week.’ Section 2(f) is very specific. It relates only to ‘bus drivers.’ Specific provisions relating to specific subjects are understood as exceptions to general provisions relating to general subjects. Murphy v. City of Mobile, 504 So.2d 243 (Ala.1987). Therefore, we interpret that the specificity of section 2(f), stating ‘bus drivers,’ indicates a legislative intent to remove all ‘bus drivers’ from the operation of the more general section 2(e), relating to ‘support employees.’ Since we interpret section 2(f) as an explicit exception to 2(e), bus drivers must be employed in another separate and distinct position with the commission in order to qualify for a second pay supplement.”
Applying the rationale of Turner to the facts in the case at bar, we conclude that Mr. Machen did not hold two separate bus driver positions within the meaning of Act 85-796 but, rather, he was a regular route bus driver with additional bus driver duties for which he was compensated. Since Mr. Machen did not hold two positions within the meaning of Act 85-796, he was not entitled to receive two $1,000 salary increases.
Although the trial court found that Mr. Machen held two separate bus driver positions, it held that only one of those positions warranted payment of the $1,000 salary increase. The trial court reached the right result but for the wrong reason. As stated in turner, a bus driver cannot hold two or more bus driver positions within the meaning of Act 85-796. If the bus driver has more than a regular route, he is a bus *30 driver with additional duties, not one with a different position within the meaning of the Act. Where a trial court reaches the right result, although for the wrong reason, its judgment will, nevertheless, be affirmed. Boyd v. Brabham, 414 So.2d 931 (Ala. 1982).
The judgment of the trial court is affirmed.
AFFIRMED.
HOLMES and INGRAM, JJ., concur.