ROBERTSON, Judge.
This appeal involves an interpretation of 1985 Ala. Acts 85-796, §§ 1-7.
Annie Sellers, Gloria Walker, and Doris Edwards (appellants) filed suit seeking a declaratory judgment. They sought a determination that the Lowndes County Board of Education violated Act 85-796 by failing to pay two $1000 additional pay supplements for the 1985-86 and 1986-87 fiscal years. The trial court denied the relief sought; they appeal.
Appellants are nonprofessional employees of the Lowndes County Board of Education (appellee). Each appellant is employed under the title of secretary/lunchroom manager at their respective schools. Appellants maintain that they spend a minimum of twenty hours per week performing the various duties and responsibilities of each position within their job title. In essence they contend that each “title” is a separate position, and, therefore, that they are entitled to two additional $1000 pay supplements for the 1985-86 and 1986-87 fiscal years.
The dispositive issue on appeal is whether the trial court erred in denying the additional pay supplement pursuant to Act 85-796, Sections 2(e) and 7.
The pertinent portions of this Act are as follows:
“Be It Enacted by the Legislature of Alabama:
“Section 1. Legislative Intent: It is the intent of the Legislature ... to provide an annual salary supplement in the amount of one thousánd dollars ($1,000) f-for all full-time educational support personnel who work a minimum of 20 hours *1022 per week and all adult school bus drivers for grades K-12_
“Section 2. The state budget officer shall allocate to the State Board of Education ... for disbursement the funds based on the following criteria:
“(e) An amount of $1,000 to all full-time support employees working a minimum of 20 hours per week for all local boards of education....
“Section 7. The pay increases contained herein are granted for each position held by the employee. Commensurate pay increases shall be granted to the employee as enumerated herein for each position employed....”
Testimony reveals that the appellants have been paid the $1000 pay supplement according to Section 2(e) of the Act. Appellants argue that because they receive two separate paychecks and work a minimum of twenty hours per week in each position held under their combined title they are entitled to receive the additional $1000 supplement as provided for under Section 7 of the Act.
In reviewing the record we find that the appellants are employed under one contract. They receive two separate paychecks as a result of an audit conducted in 1984 by the State Department of Education in relation to the Child Nutrition Program for Lowndes County. After completion of the audit the State Department found that the secretary/lunchroom managers were being improperly paid out of one fund, the federally funded Child Nutrition Program, and recommended that they be properly paid out of two separate funds, whereupon two separate checks ensued.
Testimony also reveals that no new job position was created pursuant to the audit; there is no precise scheduled allocation of time between the two positions; the positions are intermingled; the 50-50 pay division was randomly selected; and the appellants are essentially performing the same duties as they were prior to 1984 with only a change in title.
Although Section 7 does require a salary supplement on a per position basis, we must view this in light of our decisions in Turner v. Cullman County Commission on Education, 535 So.2d 184 (Ala.Civ.App. 1988), and Machen v. Scottsboro City Board of Education, 537 So.2d 27 (Ala. Civ. App.1988). In those particular cases we were called upon to interpret Act 85-796 under similar factual circumstances. To summarize those cases, we determined that bus drivers having regular and supplemental routes were holding one single position with additional duties and thus were not entitled to the additional pay supplement. Furthermore, we determined that to be entitled to an additional pay supplement Section 7 requires that “an employee hold more than one of the enumerated positions which are segregated and defined by the criteria in Section 2(a) through 2(h).” Turner, supra. In the case at bar the appellants’ “alleged second job” does not come under any of the sections enumerated above; therefore, they are not entitled to the additional compensation they seek. A fundamental rule of statutory construction is to ascertain and give effect to legislative intent. Clark v. Houston County Commission, 507 So.2d 902 (Ala.1987).
After reviewing the evidence and in correlation with our decisions in Turner and Machen, supra, we find that the trial court did not err in denying the relief sought, and this case is due to be affirmed.
AFFIRMED.
INGRAM, P.J., and RUSSELL, J., concur.