RUSSELL, Judge.
This is a workers’ compensation case.
In November 1987 Richard McLain (employee) suffered an injury to his back as a result of a work-related accident that occurred while he was in the employ of Wiley Sanders Truck Lines, Inc. (employer). The employee subsequently underwent back surgery. He continued to experience pain and other debilitating symptoms following the operation and was unable to continue his work with the employer. The employer, however, maintained that the employee should not continue to receive compensation benefits because he refused to submit to a second back operation, which the employer had requested that he undergo.
After an ore tenus proceeding, the trial court issued an order on December 7, 1990, finding that the employee was totally and permanently disabled and further finding that his refusal to submit to the second *528 back operation was reasonable. The trial court awarded the employee compensation benefits for permanent total disability and permanent loss of ability to earn, for so long as he remains disabled. The court also awarded attorney fees of $72,064.63 to the employee’s counsel, $66,917.25 of which was based upon the purported present value of the unaccrued future income stream to -be paid to the employee and $5,147.38 of which was based on accrued but unpaid disability benefits. The employer’s post-trial motions were denied, and the employer now appeals. We affirm in part and reverse in part and remand.
On appeal the employer contends that the trial court erred in finding that the employee’s refusal to submit to the second back operation was reasonable. The employer also contends that the trial court erred with regard to the appropriate award of attorney fees to be paid to the employee’s trial counsel for the present value of the unaccrued future income to be paid to the employee.
At the outset we note that appellate review in workers’ compensation cases is a two-step process. First, this court will look to see if there is any legal evidence to support the trial court’s findings. If such evidence is found, this court will then determine whether any reasonable view of that evidence supports the trial court’s judgment. Ex parte Eastwood, Foods, Inc., 575 So.2d 91 (Ala.1991).
The record shows that the employee, who worked for the employer as a truck driver, was injured while unloading a truck in November 1987. The injury was diagnosed as a herniated disc at the L-4/L-5 level, and surgery in the form of a laminectomy was recommended to relieve the employee's symptoms of severe back pain, numbness in the right leg, and attendant diminished physical abilities. The employee underwent the laminectomy in February 1988. However, the operation failed to relieve his pain, and following a reinjury to his back that occurred when he returned to work in July 1988, he was no longer able to perform even light-duty work for the employer.
The employee, who testified at trial to constant pain, significant limitation of motion, weakness, and muscle spasms, even after the initial back surgery, must use a cane to walk and wears a back brace intermittently. He takes prescribed medication for his pain. He was hospitalized in August 1988, at which time Dr. John E. Hack-man, the neurosurgeon who performed the original operation, diagnosed a “recurrent lumbar radiculitis secondary to central disc protrusion and acquired lumbar spinal sten-osis.” It was Dr. Hackman’s opinion that the employee would require additional surgery to relieve the symptoms that persisted after the first operation. At the employer’s request, Dr. Walter Whitehurst also examined the employee in January 1989. Dr. Whitehurst recommended that the employee undergo exploratory surgery.
The employee was rehospitalized in February 1989, and again in June 1990, in Atlanta, Georgia, where he was examined and treated by Dr. Mark W. Fortson, a neurologist. Dr. Fortson determined that ordinary physical activity — e.g., walking or bending — would greatly increase the pain experienced by the employee, to such a degree as to cause distraction from or total abandonment of the activity. Dr. Fortson also felt that although the employee’s pain might be less intense in the future, it would remain a significant element in his life. Dr. Fortson, who testified by deposition at trial, recommended that the employee undergo a second laminectomy. However, as of this date, the employee has refused to submit to further surgery.
The applicable law in Alabama regarding workers’ compensation and refusal of medical treatment is found at § 25-5-77(b), Ala.Code 1975, which reads in part as follows:
“If the injured employee refuses to comply with any reasonable request for examination, or refuses to accept medical service or physical rehabilitation which the employer elects to furnish under the provisions of this chapter, his right to compensation shall be suspended and no compensation shall be payable for the period of such refusal.”
*529 Thus, an injured employee receiving compensation benefits may refuse medical treatment or surgical procedures, without suspension of benefits, if such refusal is deemed “reasonable.” Scott v. Alabama Machinery & Supply Co., 52 Ala.App. 459, 294 So.2d 160 (Ala.Civ.App.1974).
Our supreme court has construed the reasonableness standard to mean that where a surgical operation is indicated, there must be some reasonable expectation that the employee’s condition will improve as a result and that the operation required will be reasonably danger free. Gulf States Steel Co. v. Cross, 214 Ala. 155, 106 So. 870 (1926). See also Scott, 52 Ala.App. 459, 294 So.2d 160. The employee’s subjective fear of surgery, alone, is not a reasonable basis for refusal of such an operation. Scott, 52 Ala.App. 459, 294 So.2d 160. However, if there are credible reasons given for the refusal of medical treatment, the refusal is reasonable. See Elbert Greeson Hosiery Mills, Inc. v. Ivey, 472 So.2d 1049 (Ala.Civ.App.1985). The test of reasonableness, vel non, is a question for the trier of fact. Scott, 52 Ala.App. 459, 294 So.2d 160.
Based on the testimony in Dr. Fortson’s deposition, the trial court concluded that the employee would benefit from further surgery and that the surgery would be relatively danger free. However, the court was “unable to conclude the extent to which [the employee] would benefit from surgery.” The court further found that although Dr. Fortson testified that the employee was “the most clearcut patient I’ve had ... with a history of back surgery who I feel I can strongly recommend that he go through back surgery again with the hope of curing him” and that there' is “a reasonable chance” that the employee would experience “significant improvement were surgery to be performed and ... completed in an uncomplicated fashion,” neither Dr. Fortson nor any other physician who treated the employee defined “reasonableness” in terms of probable chances of success. Accordingly, the court concluded that it was not unreasonable that the employee had difficulty in agreeing to a second operation based on his physicians’ prognoses.
Other factors cited by the trial court as support for the reasonableness of the employee’s refusal to submit to the second surgery were (1) the fact that the employee had experienced a very difficult post-operative course following the first surgery; (2) the fact that the employee knew that his own father had had two back surgeries, apparently with little success; (3) the fact that the employee had spoken with other patients who had experienced unsuccessful second back surgeries and who had coun-selled the employee against having further surgery; and (4) the fact that Dr. Fortson stated that he was not qualified to recommend a particular procedure to the employee and that Drs. Hackman and Whitehurst had described the proposed surgery as “exploratory.”
Our inquiry in workers’ compensation cases is limited to a determination of whether there is any legal evidence to support the findings of the trial court. B.F. Goodrich Co. v. Campbell, 445 So.2d 920 (Ala.Civ.App.1984). This court cannot, and does not, weigh the evidence on appeal or make any determinations as to the sufficiency thereof. Cook v. Munn, 528 So.2d 881 (Ala.Civ.App.1988). If any legal evidence supports the trial court’s findings, we must affirm. Padgett v. International Paper Co., 470 So.2d 1287 (Ala.Civ.App.1985).
Our review of the record reveals ample legal evidence supporting the trial court’s finding that the employee’s refusal to undergo further back surgery was reasonable. At trial the employee testified that his condition had worsened following his initial back surgery. His clearly articulated reasons for fearing a second operation were based on more than mere subjective uncertainty of the results. Not only was his first operation unsuccessful, but he was acquainted with a number of parties who had undergone unsuccessful second back surgeries.
Furthermore, notwithstanding Dr. Fort-son’s testimony at one point in his deposition that the employee was a very “clear-cut” candidate for successful second back *530 surgery, testimony elsewhere in the deposition suggested that Dr. Fortson did not convey such optimism to the employee. The following colloquy bolsters the trial court's conclusion that the employee’s difficulty in agreeing to a second operation based on Dr. Fortson’s prognosis was not unreasonable:
“[Employee’s counsel]: Now did you recall independently a discussion with [the employee] as far as his thoughts on declining surgery at that point, Doctor? “[Dr. Fortson]: Basically, I was unable to assure him that he would definitely experience a reduction in his pain and improvement in his overall abilities to conduct normal daily life if he had the surgery.
“[Employee’s counsel]: Did he ask you for an out-and-out guarantee of success?
“[Dr. Fortson]: He wanted hope for — He wanted not a guarantee as much as an assurance that it would be very likely that he would be improved.
“[Employee’s counsel]: And to a reasonable degree of medical certainty, are you in a position to give him such a guarantee?
“[Dr. Fortson]: No. He does have some findings on physical exam which usually bode well for someone improving after surgery, meaning he has a sensory loss that is reproducible and he has some reflex changes. But going against getting better is he has had surgery already. And that leads to a tricky — technically, a difficult procedure because of scar tissue. So I would be hesitant to really give a very strong guarantee."
Because there is legal evidence in the record to support the trial court’s finding that the employee’s refusal to submit to the second back operation was reasonable, we affirm the trial court’s judgment as to this issue.
Trial counsel for the employee conceded at the employer’s post-trial motion and continues to acknowledge that there was an error in the trial court's final judgment with regard to the appropriate amount of attorney fees to be paid for the present value of the unaccrued future income stream to be paid to the employee. We therefore agree with the employer’s contention that under the formula for calculation of such benefits as set out by our supreme court in Ex parte St. Regis Corp., 535 So.2d 160 (Ala.1988), the proper attorney fees for the present value of the future income stream for the employee’s permanent and total workers’ compensation benefits is $33,766.84. Accordingly we reverse the trial court as to this part of its judgment and remand with instructions for the trial court to enter a fee award consistent with our finding.
We find that the trial court properly awarded attorney fees in the amount of $5,147.38 for accrued but unpaid disability benefits.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and THIGPEN, J., concur.