YATES, Judge.
Deborah L. Gaylor sued Baptist Memorial Hospital (“Baptist”) for workmen’s compensation benefits for an injury she suffered on October 11, 1989.[1] Following an ore tenus proceeding, the trial court entered a judgment in Gaylor’s favor, finding that she had a loss of ability to earn and had a vocational disability of 50% to her body as a whole and awarding her compensation for 300 weeks of permanent partial disability. Baptist appeals, raising three issues: (1) whether the trial court erred in awarding workmen’s compensation where the employee had refused medical treatment; (2) whether the trial court erred in finding that the employee had sustained a loss of ability to earn and had a vocational disability of 50 percent, where the employee’s post-injury earnings were greater than pre-injury earnings; and (3) whether the trial court failed to comply with Ala.Code 1975, § 25-5-88.
At the time of trial, Gaylor was 43 years old. She was hired by Baptist in 1986 and had been working in the dietary department as a full-time employee. On October 11, 1989, Gaylor slipped on water, injuring her neck and back. She reported the injury and was sent to an emergency room, where she was diagnosed as having suffered a cervical strain. Thereafter, she received additional medical attention from a neurosurgeon, and she had physical therapy at a rehabilitation center. At the time of the trial, Gaylor *95 continued to work full-time in the job she had held before the accident.
We note that there is a two-step process in our review of workmen’s compensation cases. We must first determine whether there was any evidence to support the trial court’s findings. If there was, then we next determine whether a reasonable view of that evidence supports the trial court’s judgment. Ex Parte Eastwood Foods, Inc., 575 So.2d 91 (Ala.1991).
Baptist contends that Gaylor’s refusal of surgery was unreasonable and was not in compliance with Ala.Code 1975, § 25-5-77(b), and therefore, that it had a right to suspend her compensation benefits. We find this issue to be dispositive. The trial court’s order contains no reference to the surgery; however, we conclude from the compensation award that the trial court found it reasonable for Gaylor to refuse surgery.
The applicable law regarding workmen’s compensation and refusal of medical treatment is found at Ala.Code 1975, § 25-5-77(b), which provides:
“If the injured employee refuses to comply with any reasonable request for examination, or refuses to accept the medical service or physical rehabilitation, which the employer elects to. furnish under the provisions of this chapter, his right to compensation shall be suspended and no compensation shall be payable for the period of the refusal.”
It is well settled that an injured employee may refuse medical treatment or surgical procedures if the refusal is reasonable. Further, whether a refusal is reasonable is a question for the trial court. Cerrock Wire & Cable Co. v. Johnson, 533 So.2d 622 (Ala.Civ.App.1988). The reasonableness standard has been construed to mean that where a surgical procedure is recommended, there must be a reasonable expectation that the employee’s condition will improve as a result and that the operation will be reasonably danger free. Wiley Sanders Truck Lines, Inc. v. McLain, 591 So.2d 527 (Ala.Civ.App.1991). Subjective fear of surgery, alone, is not a reasonable basis for refusing an operation. Id. If the employee gives credible reasons for refusing the treatment, the refusal is considered reasonable. Id.
Dr. James White, the only doctor to testify, stated in deposition that he initially saw Gaylor on October 16,1989. He testified that she was an “anxious” person who was afraid of having tests performed. For example, he said that although he ordered an MRI (magnetic resonance imaging test) in November 1990, she did not submit to the test until June 1991. The MRI test revealed a small herniated C-5 disc. Dr. White said he offered surgery on several occasions, but that Gaylor could not “make up her mind”. Dr. White testified that the surgical procedure had a 95 percent likelihood of success. He also testified that he had performed this procedure for 10 to 12 years and that his patients have had no major complications with the procedure.
Gaylor testified that she was “seared” to have surgery and that her fear stemmed from a bad experience that she had had with a “saddle block” during childbirth in 1977. The evidence indicated a reasonable expectation that surgery could improve Gaylor’s condition, and we conclude that Gaylor’s subjective fear of surgery was not a credible reason to refuse the recommendation. Under the facts of this case, we hold that the trial court erred in finding Gaylor's refusal to submit to the surgery to be reasonable. Accordingly, the judgment of the trial court is reversed and the cause is remanded.
REVERSED AND REMANDED.
THIGPEN, J., concurs.
ROBERTSON, P.J., dissents.

. We note that because of the date of the injury, the Workmen's Compensation Act, as it read before the amendments of May 19, 1992, is controlling. References will be to the pre-May 19, 1992, version of that act.