WRIGHT, Retired Appellate Judge.
Frank James Robinson, Jr., filed a complaint in the Madison County Circuit Court against Dunlop Tire Corporation, seeking workers’ compensation benefits. Robinson alleged that on April 14, 1993, he injured his neck when he slipped and fell on an oily floor and that he was permanently and totally disabled. Dunlop answered, asserting that Robinson’s disability preexisted his April 14, 1993, accident and that it was entitled to a set-off under § 25-5-57(e), Ala.Code 1975.
Following oral proceedings, the trial court entered a judgment, finding that Robinson had previously sustained permanent injuries to his neck and knees arising out of and in the course of his employment with Dunlop, that Robinson’s April 14, 1993, neck injury rendered him permanently and totally disabled, and that § 25-5-57(a)(4)f., Ala.Code 1975, applied to Robinson’s injuries. The trial court also found that Dunlop failed to establish that it “wholly paid” for Robinson’s *1182 $25,000 “service award” and that, therefore, Dunlop was not entitled to a set-off under § 25-5-57(c)(l), Ala.Code 1975. The trial court awarded Robinson benefits accordingly. Thereafter, Dunlop filed a motion to alter, amend, or vacate the judgment; that motion was denied by operation of law, pursuant to Rule 59.1, Ala. R. Civ. P.
Dunlop appeals, contending that the trial court failed to apportion Robinson’s disability between his April 14, 1993, injuries and his prior injuries and that the trial court erred in denying Dunlop credit for the $25,000 “service award” paid to Robinson.
Robinson’s injuries occurred on April 14, 1993; therefore, the new Workers’ Compensation Act is controlling. The standard of review of a workers’ compensation case under the new Act was stated by our supreme court in Ex parte Trinity Industries, Inc., 680 So.2d 262 (Ala.1996):
“[W]e will not reverse the trial court’s finding of fact if that finding is supported by substantial evidence — if that finding is supported by ‘evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.’ ”
680 So.2d at 268-69 (quoting West v. Founders Life Assurance Co., 547 So.2d 870, 871 (Ala.1989)). See also § 25-5-81(e), Ala.Code 1975.
Dunlop argues that the trial court failed to apply §§ 25-5-57(a)(4)e. and -58, Ala.Code 1975, to apportion Robinson’s disability between his April 14, 1993, neck injury and his previous neck and knee injuries. Section 25-5-57(a)(4)e. provides:
“Second Permanent Injuries Generally. — If an employee has a permanent disability or has previously sustained another injury than that in which the employee received a subsequent permanent injury by accident, as specified in this section defining permanent injury, the employee shall be entitled to compensation only for the degree of injury that would have resulted from the latter accident if the earlier disability or injury had not resulted.”
Section 25-5-58 provides:
“If the degree or disability resulting from an accident is increased or prolonged because of a preexisting injury or infirmity, the employer shall be liable only for the disability that would have resulted from the accident had the earlier injury or infirmity not existed.”
However, § 25-5-57(a)(4)f. specifically governs second permanent injuries sustained in the same employment resulting in permanent total disability. That section provides:
“If an employee receives a permanent injury as specified in this section after having sustained another permanent injury in the same employment, and if the previous and subsequent injuries result in permanent total disability, compensation shall be payable for permanent total disability only.”
“There is a rule of statutory construction that specific provisions relating to specific subjects are understood as exceptions to general provisions relating to general subjects.” Murphy v. City of Mobile, 504 So.2d 243, 244 (Ala.1987) (citations omitted). It is undisputed that Robinson suffered permanent injuries to his knees and neck as the result of accidents that occurred before April 14, 1993, and that these injuries arose out of and in the course of his employment with Dunlop. Therefore, we conclude that the general provisions of §§ 25-5-57(a)(4)e. and -58 were not applicable to Robinson’s injuries and that the trial court correctly applied § 25-5-57(a)(4)f. to Robinson’s injuries.
Dunlop also argues that the trial court erred in disallowing its set-off claim under § 25-5-57(c)(l), Ala.Code 1975. That section provides as follows:
“The employer may reduce or accept an assignment from an employee of the amount of benefits paid pursuant to a disability plan, retirement plan, or other plan, providing for sick pay by the amount of compensation paid, if and only if the employer provided the benefits or paid for the plan or plans providing the benefits deducted.”
The trial court found that Dunlop failed to prove that it “wholly paid for the ‘service award’ benefit” for which it sought credit. Additionally, the “service award” is a lump *1183 sum payment in lieu of retirement benefits. The retirement benefits plan in question is the same plan discussed in Sanders v. Dunlop Tire Corp., 706 So.2d 716 (Ala.Civ.App.1996), wherein this court held that an employee’s retirement benefits could not be offset under § 25-5-57(c)(1) because the retirement plan was part of the fringe benefits paid to Dunlop employees in lieu of wages. Accordingly, we conclude that the trial court did not err in denying Dunlop’s request for an offset under § 25 — 5—57(c)(1).
The judgment of the trial court is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. Charles Wright while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
AFFIRMED.
ROBERTSON, P.J., and YATES, MONROE, and THOMPSON, JJ., concur.
CRAWLEY, J., concurs in part and dissents in part.