MOORE, Judge,
concurring in the 2'esult.
I concur in the result reached by the majority, but I do not agree with the reasoning of that opinion. The issue presented for our review is not whether the Alabama Workers’ Compensation Act, § 25-5-1 et seq., Ala.Code 1975 (“the Act”), grants to an employer the right to select the pharmacy at which an employee obtains his reasonably necessary prescription medication; it is whether the Act grants to an employee the right to obtain reasonably necessary prescription medication at a pharmacy of his or her own choosing.
It may be conceded that the Act does not expressly grant to an employer the right to select the pharmacy that dispenses reasonably necessary prescription medication to an employee. Section 25-5-77(a) does not specifically state that an employer may select an employee’s pharmacist; its selection procedures relate solely to physicians and surgeons.
Section 25-5-77(b) mentions an employer’s right to elect to furnish medical services. However, this reference to election dates back to the time when the workers’ compensation law conferred upon employers the right to elect whether to provide medical treatment beyond the statutorily required period. See Ala.Code 1940, § 293. The legislature eventually removed the elective feature of the medical-benefits statute, mandating payment of medical benefits so long as they are reasonably necessary. See Act No. 86, § 8, Ala. Acts 1975. Due probably to oversight, however, § 25-5-77(b) has never been amended to remove the reference to the former elective nature of the statute. However, this language does not express any intention that an employer has the right to select the provider of pharmaceutical services.
Section 25-5-314 provides that “any employer ... may contract with ... any ... health care provider for the provision of medical services to injured workers at any rates, fees, or levels of reimbursement which shall be mutually agreed upon between the ... health care provider ... and the employer.” The Act defines “provider” to include a “pharmacist ... or person or entity providing facilities at which the employee receives treatment.” Ala.Code 1975, § 25-5-1(13). However, the definition of “provider” contained in § 25-5-1 applies “unless the context shall clearly indicate a different meaning in the connection used.” Ala.Code 1975, § 25-5-1. *102 Section 25-5-310(2) defines “medical services” as “[ajny and all medical or surgical services provided by physicians under this article [article 12 of the Act, §§ 25-5-310 to 25-5-340].” Section 25-5-310(3) defines “physician” as “[a] doctor of medicine or doctor of osteopathy licensed to practice medicine.” These definitions, which are contained in' the same article as § 25-5-314 and provide the context for that section, clearly evidence the legislative intent that § 25-5-314 is to apply solely to the selection of and payment to medical doctors. Thus, § 25-5-314 does not grant an employer any right to select the pharmacy at which an employee obtains his or her medication.
However, the omission of an express right of an employer to select a pharmacy does not imply the right of an employee to choose any pharmacy. That right must arise from the language of the Act, either expressly or by necessary implication. See Beasley v. MacDonald Eng’g Co., 287 Ala. 189, 197, 249 So.2d 844, 851 (1971).
Section 25-5-77(a) requires an employer to pay the actual costs of reasonably necessary medicine “as may be obtained by the injured employee.” Although this language has appeared in Alabama’s workers’ compensation law since its inception, see Act No. 245, § 18, Ala. Acts 1919, its meaning has never been considered. The language at issue was not derived from the Minnesota statute upon which Alabama’s first workers’ compensation law was based; rather, at the time Alabama’s workers’ compensation law was originally enacted, Minnesota law provided that the employer was obligated to pay for medical treatment “required at the time of the injury.” See State ex rel. Anseth v. District Ct. of Koochiching County, 134 Minn. 16, 20, 158 N.W. 713, 715 (1916) (citing § 18, Ch. 208, Minn. Laws 1915). A review of other state statutes from the time our workers’ compensation law was first enacted to the present shows that this clause is unique to Alabama.
When construing the Act, the court should give effect to the plain and ordinary meaning of its words. See Geter v. United States Steel Corp., 264 Ala. 94, 96-97, 84 So.2d 770, 772 (1956) (“[Legislative language which is clear and deliberately made[ ] is conclusive on the Court in regard to its meaning.”). The ordinary meaning of the words “as may be obtained by the injured employee” compel the conclusion that an employee has the right to obtain reasonably necessary prescription medication from the pharmacy of his or her own choosing. The statutory language “as may be obtained” unambiguously endorses any reasonable method by which an employee obtains medication, including the choice of pharmacy.
That is not to say that an employee has an unrestricted right to choose a pharmacy. A statutory right to medical benefits under § 25-5-77(a) may be waived or forfeited if the party seeking to enforce that right has acted inequitably. See Holy Family Catholic School v. Boley, 847 So.2d 371 (Ala.Civ.App.2002). For example, an employee may not randomly and repeatedly change pharmacies, thus forcing the employer to incur additional and unnecessary costs in establishing new accounts or new reimbursement plans with new pharmacies. An employee may not choose a pharmacy beyond a reasonable distance from his home simply to obtain additional mileage expenses. See Ala.Code 1975, § 25-5-77(f). When the workers’ compensation law grants the employee discretion, such as the choice to refuse medical treatment or suitable employment, this court has always held that the employee must exercise that discretion within the bounds of reason. See, e.g., Baptist Mem’l Hosp. v. Gaylor, 646 So.2d 93 (Ala.Civ.App.1994); *103 and Kiracofe v. BE & K Constr. Co., 695 So.2d 62 (Ala.Civ.App.1997). If an employee unreasonably abuses the right to choose a pharmacy, the employer may petition the court having jurisdiction over any medical-necessity dispute to provide appropriate relief, up to and including termination of that right. See Boley, supra.
Because the Act expressly and unambiguously addresses who has the authority in a workers’ compensation case to select the pharmacy to be used by an employee receiving workers’ compensation benefits, I would affirm the judgment of the trial court without addressing any implication or policy reasons that may support a different selection method.