BRYAN, Judge,
concurring specially.
I recognize that evidence of third-party payments of medical and hospital expenses could have a prejudicial effect in personal-injury cases. However, the common-law *1195 collateral-source rule, which prohibited the admission of such evidence, was abrogated by the legislature’s enactment of § 12-21-45, Ala.Code 1975. No rule of evidence, including the rules relied on by Jonathan Grammer (ie., Rules 401-403, Ala. R. Evid.) specifically addresses the provision in § 12-21 — 45 allowing the admission of evidence formerly prohibited by the collateral-source rule.
“ ‘Our cases, without conflict, give emphasis to the well defined rule that “ ‘ “special provisions relating to specific subjects control general provisions relating to general subjects” ’ and “ ‘ “when the law descends to particulars, such more special provisions must be understood as exceptions to any general rules laid down to the contrary.” ”” ”
Ex parte E.J.M., 829 So.2d 105, 108-09 (Ala.2001) (quoting Geter v. United States Steel Corp., 264 Ala. 94, 97, 84 So.2d 770, 773 (1956), quoting in turn other cases). Accordingly, I agree with the main opinion that the Rules of Evidence have not superseded § 12-21-45.