Randolph Eugene Pool was convicted of the unlawful possession of a controlled substance and was sentenced to seven years' imprisonment. This conviction must be reversed because the indictment failed to properly charge Pool with an offense.
The indictment charged that Pool "unlawfully possess[ed] marihuana, a controlled substance enumerated in Schedule I, Section 20-2-23 of the Code of Alabama, contrary to the provisions of The Drug Crimes Amendments Act of 1987, in violation of Section 13A-12-212 of the Code of Alabama." Prior to the enactment of the Drug Crimes Amendments Act of 1987, this indictment would have been sufficient to charge Pool with felony possession of marihuana under Ala. Code § 20-2-70(a) (1975). Watley v. State, 568 So.2d 852, 853 (Ala.Cr.App. 1989). However, with the enactment of the Drug Crimes Amendments Act of 1979, the legislature repealed § 20-2-70 and enacted new statutes governing controlled substance offenses. "[T]he repeal of § 20-2-70 and the enactment of [these new statutes] was not a mere transfer of former Title 20 drug offenses to Title 13A. It involved a substantial rewriting and new definitions of the controlled substance offenses." Watley v. State,568 So.2d at 854.
The possession offenses are now delineated in §§ 13A-12-212, -213, and -214. Section 13A-12-212 is entitled "Unlawful possession or receipt of controlled substances" (emphasis added) and it provides in pertinent part:
 "(a) A person commits the crime of unlawful possession of controlled substance if:
 "(1) Except as otherwise authorized, he possesses a controlled substance enumerated in schedules I through V.
". . . .
 "(b) Unlawful possession of a controlled substance is a Class C felony." (Emphasis added.)
Section 13A-12-213 is entitled "Unlawful possession ofmarihuana in the first degree" (emphasis added) and it provides:
 "(a) A person commits the crime of unlawful possession of marihuana in the first degree if, except as otherwise authorized:
 "(1) He possesses marihuana for other than personal use; or
 "(2) He possesses marihuana for his personal use only after having been previously convicted of unlawful possession of marihuana in the second degree or unlawful possession of marihuana for his personal use only.
 "(b) Unlawful possession of marihuana in the first degree is a Class C felony." (Emphasis added.)
Section 13A-12-214 is entitled "Unlawful possession ofmarihuana in the second degree" (emphasis added) and it provides:
 "(a) A person commits the crime of unlawful possession of marihuana in the second degree, if, except as otherwise authorized, he possesses marihuana for his personal use only. *Page 1262 
 "(b) Unlawful possession of marihuana in the second degree is a Class A misdemeanor." (Emphasis added.)
Pool argues that he should have been indicted under §13A-12-213 or -214 instead of § 13A-12-212. We agree. The three statutes were enacted at the same time, as part of the Drug Crimes Amendments Act of 1987. Section 13A-12-212 relates to the possession of controlled substances generally. Sections13A-12-213 and -214 relate specifically to the possession of marihuana.
"There is a rule of statutory construction that specific provisions relating to specific subjects are understood as exceptions to general provisions relating to general subjects.Bouldin v. City of Homewood, 277 Ala. 665, 174 So.2d 306
(1965); Geter v. United States Steel Corp., 264 Ala. 94,84 So.2d 770 (1956)." Murphy v. City of Mobile, 504 So.2d 243, 244
(Ala. 1987). "Where two statutes are related to the same subject and embrace the same matter, a specific or particular provision is controlling over a general provision. Green v.Fairfield City Board of Education, 365 So.2d 1217 Ala. Civ. App. 1978), cert. denied, 365 So.2d 1220 (Ala. 1979). Special statutory provisions on specific subjects control general provisions on general subjects." Baldwin County v. Jenkins,494 So.2d 584, 588 (Ala. 1986). Accord, McDavid v. State,439 So.2d 750, 751-52 (Ala.Cr.App. 1983). Because § 13-12-212 is a general provision, §§ 13A-12-213 and -214, as specific provisions, would control and appellant should have been indicted under the specific statute rather than the general statute.
"The fundamental rule of statutory construction is that a court is under a duty to ascertain and effectuate legislative intent as expressed in the statute, see e.g., Gundy v. Ozier,409 So.2d 764, 765, 766 (Ala. 1981), which may be gleaned from the language used, the reason and necessity for the act and the purpose sought to be obtained. See Rinehart v. Reliance Ins.Co., 273 Ala. 535, 538, 142 So.2d 254, 256 (1962)." Shelton v.Wright, 439 So.2d 55, 57 (Ala. 1983). The stated purpose of the Drug Crimes Amendments Act of 1987 is "[t]o define and set the punishment for the crimes of: unlawful distribution of controlled substances, unlawful possession or receipt of controlled substances, and unlawful possession of marihuana inthe first and second degrees. . . ." 1987 Ala. Acts No. 87-603, p. 1047. (Emphasis added.) Although marihuana is a controlled substance enumerated in Schedule I, § 20-2-23(3), Ala. Code (1975), and would therefore fall within the general possession proscription of § 13A-12-212, it is clear to this court that the legislature intended to create a separate, specific offense for possession of marihuana. If possession of marihuana were to be included within § 13A-12-212, then §§ 13A-12-213 and -214 would serve no purpose. "[I]t is presumed that the legislature does not enact meaningless, vain or futile statutes. Adams v.Mathis, 350 So.2d 381 (Ala. 1977)." Druid City Hospital Boardv. Epperson, 378 So.2d 696, 699 (Ala. 1979).
Section 13A-12-212, similar to former § 20-2-70(a), defines the offense of unlawful possession as unauthorized possession of a controlled substance. In contrast, neither § 13A-12-213
nor -214 "defines the proscribed conduct merely in terms of 'possession of marihuana'. . . ." Watley v. State,568 So.2d at 854. "The phrases 'for other than personal use' and 'for . . . personal use only' modify, define, and classify the type of marihuana possession proscribed in §§ 13A-12-213 and -214. [These phrases] are 'inseparable ingredients of the offense' " and must be alleged in an indictment charging a defendant with possession of marihuana. Id.
These additional elements must also, of course, be proven by the state. See, e.g., Piano v. State, 161 Ala. 88, 93,49 So. 803, 805 (1909); Finney v. State, 348 So.2d 876, 877
(Ala.Cr.App.), cert. denied, 348 So.2d 878 (Ala. 1977). Thus, charging the possession of marihuana offenses found in §§13A-12-213 and -214 is clearly more burdensome to the state than charging the general possession offense of § 13A-12-212. To permit the state to charge a defendant with possession of marihuana under the general possession statute *Page 1263 
would be to vest in the prosecutor the discretion to nullify the intent of the legislature. Cf. Druid City Hospital Board v.Epperson, 378 So.2d at 699 ("[I]t is clear that the legislature intended to create the remedy of garnishment against the salaries of state employees. To construe the phrase 'assent and consent' to grant absolute discretion to the state official named as garnishee to withhold assent at will would allow a single individual to nullify the legislative will"). We therefore hold that, in order to be charged with possession of marihuana, a defendant must be charged under § 13A-12-213 or -214. "To hold otherwise would emasculate [these] provisions."Adams v. Mathis, 350 So.2d 381, 385 (Ala. 1977).
The prosecutor in the present case explained the use of §13A-12-212 as the only way to charge Pool with felony
possession of marihuana because (1) Pool had only a small amount of marihuana ("a little over 4 grams") in his possession, indicating that he possessed the marihuana for personal use, and (2) Pool had no prior conviction for possession of marihuana, although he did have a prior conviction for the sale of marihuana. The felony offense of possession of marihuana defined in § 13A-12-213(a) "is committed in one of two ways: (1) if a person 'possesses marihuana for other than personal use,' or (2) if a person possesses marihuana for personal use after a previous conviction for possession of marihuana for personal use."Watley v. State, 568 So.2d at 854-55. Subsection (a)(2) of §13A-12-213 clearly evidences the legislature's intent that a person have only one misdemeanor possession of marihuana conviction. However, there is no indication in either §13A-12-213 or -214 that a defendant's one misdemeanor possession conviction cannot occur after a sale offense (or after a felony possession of marihuana conviction under §13A-12-213(a)(1) or former § 20-2-70 for that matter[1]). Had the legislature intended such a result, it could have included the offenses of sale of marihuana and felony possession of marihuana in § 13A-12-213(a)(2). "The maxim of expressio uniusest exclusio alterius [the expression of one thing is the exclusion of another], when coupled with the ease of inclusion if such had been intended, requires this interpretation." Adamsv. Mathis, 350 So.2d at 386. This Court cannot rewrite the statute even to make a "better" law.
For the reasons stated above, the judgment of the Randolph Circuit Court is reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
All Judges concur.
[1] Compare Roberts v. State, 349 So.2d 89, 93 (Ala.Cr.App.), cert. denied, 349 So.2d 94 (Ala. 1977); Palmer v. State,54 Ala. App. 707, 711, 312 So.2d 399, 402 (1975), indicating that the misdemeanor possession of marihuana exception contained in former § 20-2-70 was available only on first conviction.