BOWEN, Judge.
Judy Bonita Wyley was convicted for the unlawful possession of marijuana in the first degree in violation of Ala.Code 1975, § 13A-12-213, and sentenced to 10 years’ imprisonment. She raises three issues on this appeal from that conviction.
I
The indictment charged that Wyley “did unlawfully, willfully, and feloniously possess MARIJUANA, in violation of Section 13A-12-213 of the Code of Alabama.” This indictment fails to state an offense under the law of Alabama because the indictment does not specify whether Wyley is charged with possession for other than personal use under subsection (a)(1) or with possession for personal use after a prior conviction under subsection (a)(2) of § 13A-12-213. Watley v. State, [Ms. 4 Div. 274, December 1, 1989] (Ala.Cr.App.1989). See also Pool v. State, [Ms. 5 Div. 570, January 19, 1990] (Ala.Cr.App.1990).
II
Wyley contends that the search of her residence was unconstitutional because the search warrant was obtained by “deceitful or irresponsible police conduct.” Appellant’s brief, p. 15.
The Montgomery police were working with a confidential informant. This informant was acquainted with Wyley and told the police that Wyley was a drug dealer and that he could purchase drugs at her residence. Based on this information, the police, through the confidential informant, conducted a “controlled buy” of marijuana at Wyley’s residence. Within 72 hours after the purchase, the police obtained a search warrant for the residence on May 19, 1988.
Wyley was known to the police as a drug dealer. In part, the affidavit for the search warrant stated:
“Further probable cause being that the records of the Narcotics & Intelligence Bureau of the Montgomery Police Department show that Judy B. Wyley is a suspected drug smuggler and trafficker based on her own admissions after a drug overdose of cocaine on July 12, 1987, is heavily involved in the distribution of drugs.”
At the suppression hearing, Wyley introduced into evidence an offer of immunity signed by herself and members of the Montgomery police department dated July 13, 1987. In part, the letter stated:
“This letter will confirm your agreement to work with these officers and will also provide you with the promise that you will be free from any prosecution or criminal liability from any drug purchase that you may make under the express direction of these officers.
“You must realize that this guarantee is only offered while you are working for the Montgomery Police Department, and only after you have secured prior approval for the drug buys from the above stated officers.”
The basis for Wyley’s allegations of police misconduct lie in the fact that the affidavit in support of the search warrant did not mention the controlled buy or the fact that Wyley had been offered immunity for her prior cooperation.
We find no police misconduct. “It is now fundamental that evidence which is obtained as a direct result of an illegal search and seizure may not be used to establish probable cause for a subsequent search.” United States v. Wanless, 882 F.2d 1459, 1465 (9th Cir.1989). Here, the controlled buy was not an illegal search even though the informant was acting as an agent of the police. The practice of engaging in a controlled purchase is recognized as a judicially accepted method of corroborating information received from an informant in establishing probable cause. W. LaFave, 1 Search and Seizure § 3.3(f) at 686 (2d ed. 1987). See also State v. Hawkins, 278 N.W.2d 750, 751 (Minn.1979) (“A ‘controlled purchase' involves providing money to a buyer, who is searched before and after *1202 making contact with the seller. It also involves police surveillance of as much of the transaction between the buyer and seller as possible.”). See also Bishop v. State, 518 So.2d 829 (Ala.Cr.App.1987); Gord v. State, 475 So.2d 900 (Ala.Cr.App.1985).
There was testimony that Wyley “invited” the informant into her residence. “[W]hen an individual gives consent to another to intrude into an area or activity otherwise protected by the Fourth Amendment, aware that he will thereby reveal to this other person either criminal conduct or evidence of such conduct, the consent is not vitiated merely because it would not have been given but for the nondisclosure or affirmative misrepresentation which made the consenting party unaware of the other person’s identity as a police officer or police agent.” 3 Search and Seizure § 8.2(m) at 223.
“The general rule is that an affidavit need only show facts adequate to support a finding of probable cause. The omission of facts rises to the level of misrepresentation only if the omitted facts ‘cast doubt on the existence of probable cause.’ United States v. Dennis, 625 F.2d 782, 791 (8th Cir.1980).” United States v. Ellison, 793 F.2d 942, 947 (8th Cir.), cert. denied, 479 U.S. 937, 107 S.Ct. 415, 93 L.Ed.2d 366 (1986). See Franks v. Delaware, 438 U.S. 154, 171-72, 98 S.Ct. 2674, 2684, 57 L.Ed.2d 667 (1978) (“[I]f, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required.”). Here, the omission of any reference to the prior controlled buy was not material because this omission did not make the affidavit substantially misleading, and because the inclusion of factual allegations of the controlled buy would not have altered a reasonable magistrate’s probable cause determination. 2 Search and Seizure § 4.4(b) at 195. In fact, the existence of the controlled buy supported the credibility of the informant.
While we find no misconduct in this case, we also note that the better practice is to inform the magistrate of any prior search.
“We do not believe it is proper for law enforcement officials to withhold information regarding prior searches of the same premises from magistrates considering warrant applications. If ‘taint’ is feared, the better practice is to advise the magistrate that an earlier consent search had been conducted and provide the reasons why a warrant is still required.”
United States v. Whitworth, 856 F.2d 1268, 1281 (9th Cir.1988) (“the failure to disclose the limited consent search could not have affected the decision to issue the warrant”), cert. denied, - U.S. -, 109 S.Ct. 1541, 103 L.Ed.2d 846 (1989). See also United States v. Parker, 836 F.2d 1080, 1083 (8th Cir.1987), cert. denied, 486 U.S. 1025, 108 S.Ct. 2002, 100 L.Ed.2d 233 (1988) (omission of informant’s claimed criminal participation in heroin delivery was not material to a finding of probable cause).
Likewise, the omission from the affidavit of the fact of the immunity could not have affected the decision to issue the warrant. The evidence does not warrant a finding that the instant prosecution violated the grant of immunity. The “letter of immunity” tends to support the finding of probable cause more than anything else. See United States v. Martin, 866 F.2d 972, 979 (8th Cir.1989) (“In light of the extensive information set forth in the affidavit, we believe it beyond peradventure that the omission of facts concerning [the informant’s] drug addiction was of no consequence to the determination of probable cause.”).
For these reasons, Wyley’s motion to suppress was properly denied.
Ill
In this case, the informant was used only to establish probable cause and Wyley failed to establish any need for disclosure which outweighed the public policy of protecting police informants. Ex parte Pugh, 493 So.2d 393 (Ala.1986). See also Abston v. State, 548 So.2d 624, 627 (Ala.Cr.App.1989); Lightfoot v. State, 531 So.2d 57, 58-60 (Ala.Cr.App.1988).
*1203 For the reason set forth in Part I of this opinion, the judgment of the circuit court is reversed and this cause' is remanded.
REVERSED AND REMANDED.
All Judges concur.