The appellant was convicted of possession of marijuana and possession of cocaine. He was sentenced to 15 years' imprisonment.
 I
The appellant argues that the affidavit supporting the search warrant, which authorized the search of his home, was fatally insufficient because it failed to establish the informant's reliability, credibility, and basis of knowledge. The affidavit, which is contained in the record, states in pertinent part:
 "And the facts tending to establish the foregoing grounds for a Search Warrant are as follows: Within the past 48 hours I have received information from a confidential informant that marijuana is being stored and concealed at the residence of Larry Heard at his residence on Highway 89 in Camp Hill, Alabama. My Department has received several complaints concerning the drug activities at this residence. At my request, within the past 48 hours, my informant went to this residence and purchased a small amount of marijuana with money furnished by the Alabama Alcohol Beverage Control Board Drug Unit via Agent Jay Ivey. My informant was searched prior to entry to this residence and was searched after leaving this residence. This residence was under surveillance by myself and other officers during the time this purchase was made."
A lengthy discussion was held at trial concerning the validity of this affidavit. The trial judge was also the issuing magistrate of the search warrant. Although the trial court appeared to accept the appellant's argument that the affidavit was insufficient on its face, there was testimony from agent Jay Ivey that the issuing magistrate had also been given oral information concerning the informant's reliability, despite the fact that that information was not recorded. The trial judge indicated that, although he could not initially remember the details of the issuance, he subsequently remembered being given this additional information. The trial judge as the issuing magistrate recalled having been told that the informant was reliable and that he had been used on five or six previous search warrants, as well as seven or eight undercover buys. The officers indicated that they had "recovered quite a bit of drugs with him."
"Probable cause may be based upon hearsay information from an informant as long as there is a 'substantial basis for crediting the hearsay.' Clenney v. State, 281 Ala. 9,198 So.2d 293 (1966)." Collins v. State,410 So.2d 463, 464 (Ala.Cr.App. 1982). Moreover, "[e]ach time our Supreme Court has alluded to this problem it has approved the use of oral testimony in aid of a defective affidavit. . . . [O]ral testimony should be admissible to cure an otherwise defective affidavit." Oliver v. State, 46 Ala. App. 118, 122,238 So.2d 916, 920 (1970). Thus, the sworn statements made by the police officers to the issuing magistrate concerning the informant's reliability cured any defect in the affidavit.
 II
The appellant argues that the trial judge erred in failing to recuse himself from ruling on the appellant's motion to suppress the evidence seized pursuant to the search warrant, because the motion was based on the insufficiency of the affidavit supporting the issuance of the search warrant and the lack of probable cause. The appellant argues that the trial judge's role as the issuing magistrate of the search warrant led to his consideration in deciding on the motion to suppress of evidence that was not presented at trial and, therefore, prejudiced the appellant.
 "Judges repeatedly issue arrest warrants on the basis that there is probable *Page 875 
cause to believe that a crime has been committed and that the person named in the warrant has committed it. Judges also preside at preliminary hearings where they must-decide whether the evidence is sufficient to hold a defendant for trial. Neither of these pretrial involvements has been thought to raise any constitutional barrier against the judge's presiding over the criminal trial and, if the trial is without a jury, against making the necessary determination of guilt or innocence."
Withrow v. Larkin, 421 U.S. 35, 56, 95 S.Ct. 1456,1469, 43 L.Ed.2d 712 (1975).
 "A trial judge's participation in a previous proceeding in a case does not ipso facto render him disqualified to preside at trial. A judge is not disqualified to sit in a trial on the merits by having heard and decided a preliminary proceeding in the same cause. So, the fact that he conducted the preliminary examination which resulted in the prosecution of the accused does not, in the absence of any showing as to any personal bias or prejudice, disqualify him from presiding at the trial. Nor is a judge disqualified to try a criminal case because he had ordered the grand jury which indicted the defendant, and had presided throughout the grand jury proceedings, and had passed on numerous preliminary motions."
46 Am.Jur.2d Judges § 181 (1969).
Thus, absent a showing of prejudice, an issuing magistrate may properly serve as the trial judge on the same cause. In the present case, there is no indication of prejudice on the part of the trial judge in denying the appellant's motion to suppress. Despite the trial judge's statements that he felt certain that he would not have issued the search warrant if he had not been presented with sufficient evidence to establish probable cause, as previously indicated, the State provided evidence that the issuing magistrate was presented with sufficient information by the police to justify the issuance of the search warrant. See Issue I.
 III
The appellant argues that there was insufficient evidence presented by the prosecution to sustain his convictions, because, he says, the evidence clearly showed that the residence searched and from which the evidence was gathered was occupied jointly by the appellant and his wife and was not in his exclusive possession. The appellant contends that the State's evidence was insufficient, because his possession was nonexclusive and because, he says, there was no evidence to connect him with the controlled substances found in the residence other than the fact that some of the substances was present in the room in which he was found. However, the State presented the testimony of an officer who stated that, when the police arrived at the residence, the appellant came to the back door "to see what the commotion was, the noise of the car driving up". The officer testified that he was standing at the back door and observed the appellant with a cigarette in his hand, which he attempted to extinguish and put in his pocket. The officer testified that the appellant was told to take his hand out of his pockets, whereupon the appellant's pockets were emptied, and the cigarette was subsequently determined to be marijuana. There was also testimony that, in plain view in the room in which the appellant was found, there were marijuana and rolling papers located on a bar. Cocaine was also found in an envelope on a tray located on the same bar. Thus the State proved that the appellant had possession of the marijuana and had constructive possession of the cocaine.
 "Constructive possession arises only where the illegal substance is found on the premises owned or controlled by the accused. Campbell v. State, 439 So.2d 718 (Ala.Cr.App.), rev'd on other grounds, 439 So.2d 723 (Ala. 1983). When constructive possession is relied upon . . . the prosecution must prove beyond a reasonable doubt that the accused had knowledge of the presence of the controlled substance. Yarbrough v. State, 405 So.2d 721
(Ala.Cr.App.), cert. denied, 405 So.2d 725 (Ala. 1981). When the accused is not in exclusive possession of the premises, this knowledge may not be inferred unless there are other circumstances *Page 876 
tending to buttress this inference. Temple v. State, 366 So.2d 740 (Ala.Cr.App. 1978). Some evidence which connects the defendant with the contraband is required. Grubbs v. State, 462 So.2d 995 (Ala.Cr.App. 1984)."
 "The evidence offered by the prosecution to establish appellant's constructive possession of the cocaine is based largely on circumstantial evidence; therefore, we must view that evidence in the light most favorable to the prosecution. Cumbo v. State, 368 So.2d 871
(Ala.Cr.App. 1978), cert. denied, 368 So.2d 877 (Ala. 1979)."
Saffold v. State, 521 So.2d 1368, 1373 (Ala.Cr.App. 1987).
The prosecution presented sufficient evidence to authorize the trial court's submission of the issue of the appellant's guilt to the jury. " '[W]hen the presence of the accused at the scene is established and evidence of his knowledge of the presence of the prohibited substance is shown (even by circumstantial evidence), along with any other incriminating evidence, the issue of defendant's guilt should be submitted to the jury.' German v. State, 429 So.2d 1138, 1143
(Ala.Cr.App. 1982)." Id.
AFFIRMED.
All Judges concur.