[1] The defendant's last name has been spelled in the various documents in the record as "Poole" and as "Pool." There is no issue as to the defendant's identity. Because he was indicted under the name "Pool" and because that is the name used in the opinion of the Court of Criminal Appeals, we will also refer to the defendant as "Pool."
Randolph Eugene Pool was convicted of the unlawful possession of a controlled substance, namely marihuana. The Court of Criminal Appeals reversed his conviction upon the holding that the indictment failed to properly charge him with an offense.[2] We affirm.
The facts of this case are set out in detail in the opinion of the Court of Criminal Appeals and do not need to be repeated here. That court held that charging Pool with a violation of Ala. Code 1975, § 13A-12-212 (unlawful possession of a controlled substance), was improper because §§ 13A-12-213 and -214 are more specific statutes dealing exclusively with marijuana and that Pool should have been indicted under one of those statutes.
After going through a detailed analysis of these three statutes and applying general rules of statutory construction, the Court of Criminal Appeals reasoned that if "possession of marijuana were to be included within § 13A-12-212, then §§13A-12-213 and -214 would serve no purpose." Pool v. State,570 So.2d 1260, 1262 (Ala.Cr.App. 1990). The State argues that the proper construction of these three statutes would be to allow the State to choose among the three the one under which it intended to prosecute. The State argues that it can choose to prosecute a person found with a small amount of marihuana (such as Pool) for either a misdemeanor (possession for personal use) or a felony (possession of a controlled substance), even though § 13A-12-213 defines felony possession of marihuana (possession of marihuana for other than personal use or for personal use after a previous conviction for unlawful possession for personal use).
Section 13A-1-6 sets forth the general rule of construction that the courts of this state are to use in interpreting penal laws. "All provisions of this title shall be construed according to the fair import of their terms to promote justice and to effect the objects of law, including the purposes stated in section 13A-1-3." One of the purposes stated in § 13A-1-3 is "(4) To differentiate on reasonable grounds between serious and minor offenses and to prescribe proportionate penalties for each."
After reviewing the analysis of these statutes by the Court of Criminal Appeals, using the rule of construction set forth in § 13A-1-6, we conclude that the Court of Criminal Appeals properly construed these statutes. Interpreting them the way the State urges would mean that *Page 1265 
§ 13A-12-214, unlawful possession of marihuana in the second degree (a Class A misdemeanor), could always be elevated into a felony offense because the State could choose to prosecute the same conduct under § 13A-12-212. The language of § 13A-12-214
makes it clear that the legislature intended to make possession of marihuana for personal use a misdemeanor and not a misdemeanor or a felony at the State's discretion. If we have misperceived the legislative intent, the legislature can amend the statutes to make them clearer.
For the above stated reasons, the judgment of the Court of Criminal Appeals is affirmed.
AFFIRMED.
HORNSBY, C.J., and ALMON, ADAMS, HOUSTON, STEAGALL and KENNEDY, JJ., concur.
[2] The State argues that the Court of Criminal Appeals erred in reaching the issue of whether the indictment properly charged Pool because, it argues, Pool did not object to the indictment except in a tardy motion and the trial judge never saw or ruled upon that motion. The record shows otherwise. Petitioner's motion was brought to the trial judge's attention at a motion hearing prior to opening arguments; the State never made any objection based on a contention that this motion was "late"; the trial judge and both attorneys discussed this motion and the issues it raised, and their discussion took up 17 pages of the transcript. Thereafter, the trial judge clearly ruled that he was going to allow the State to proceed under § 13A-12-212. The State's argument on this point is not well taken.