570 So.2d 252 (1990)
Debra Denise EDWARDS
v.
STATE.
5 Div. 586.
Court of Criminal Appeals of Alabama.
September 21, 1990.
Larry Morris, Alexander City, for appellant.
Don Siegelman, Atty. Gen., and Rivard Melson, Asst. Atty. Gen., for appellee.
McMILLAN, Judge.
The appellant was charged in two separate indictments with the unlawful sale of a controlled substance, marijuana, in violation of § 13A-12-211, Code of Alabama (1975). The indictments were consolidated for trial. The State presented evidence that, on two occasions on the same day, the appellant sold marijuana to an undercover *253 agent. The State also proved that the location of the sale occurred within a quarter of a mile of the Laurel School in Alexander City. The appellant presented evidence establishing an alibi for the times in question. The trial court instructed the jury only as to the offense of the illegal sale of marijuana, as charged in the indictments. The trial court noted that two jury verdict forms were being sent back with the jury, one for each of the indictments; the case number was written on top of each of these jury verdict forms in order for the jury to determine which form related to each alleged offense. Both of the verdict forms returned by the jury are contained in the record and read as follows:
"We, the Jury, find the defendant, Debra Denise Edwards, guilty of violation of the Alabama Drug Crimes, Amendment Act (UADCAA), possession of marijuana.
 "[Foreman's signature]
 ___________________________
 "FOREMAN
"We, the Jury, find the defendant, Debra Denise Edwards, not guilty.
 _________________________
 "FOREMAN"
The verdict forms were identical, except that the differing case numbers were recorded at the top of the forms, and "first alleged purchase" was written to the side of the first verdict form and "second alleged purchase" was written to the side of the second form. The foreman of the jury read the verdict in each case, pronouncing the appellant guilty of the possession of marijuana on both cases.
The appellant argues in brief that she was improperly sentenced pursuant to § 20-2-79, Code of Alabama 1975, because she was convicted of possession of marijuana rather than the unlawful sale of a controlled substance occurring within a one-mile radius of a public or private school, as mandated for the application of § 20-2-79. It is clear that the appellant was indicted pursuant to § 13A-12-211, Code of Alabama 1975, for the unlawful distribution of a controlled substance, and that the indictment further alleged that the sale occurred within the distance from a school prescribed by § 20-2-79. However, the jury returned verdicts of guilty of violations of § 13A-12-213, the unlawful possession of marijuana in the first degree. Because the facts presented at trial would not support the offense of the possession of marijuana as a lesser included offense of the unlawful distribution of a controlled substance,[1] the jury's verdict impermissibly varied from the indictments. See United States v. Casey, 835 F.2d 148 (7th Cir.1987). In Casey, the court found that the verdict form, which charged the appellant with aiding and abetting the distribution of cocaine, did not broaden the possible basis for conviction where the appellant was indicted for the offense of aiding and abetting the possession with intent to distribute cocaine. Rather, the verdict required the prosecution to prove the actual distribution of cocaine rather than mere intent to do so. The court stated:
"While aiding and abetting possession with intent to distribute is not a lesser included offense of aiding and abetting distribution, the facts of this case and the evidence adduced at trial established the inexorable relationship between the two. One may posit a scenario in which a drug broker aids and abets in the distribution of an elicit substance without assisting in its procurement or possession, see, e.g., United States v. Jackson, 526 F.2d 1236 (5th Cir.1976). However, nothing in the record even remotely suggests such a situation here."
835 F.2d at 153.
"The verdict in a criminal case must be responsive to the offense charged in the indictment, but surplusage can be disregarded if the intent of the jury is clear. A jury verdict will be held to be sufficient if its meaning can be reasonably ascertained from the words used. Where the error in the charge is in the *254 form of the verdict and there is not prejudice to the rights of the accused the error is harmless."
Peterson v. State, 508 S.W.2d 844, 849 (Tex.Cr.App.1974). See also Rodgers v. State, 649 S.W.2d 371, 373-376 (Tex.App. 3 Dist.1983).
In the present case, the jury's verdict was not responsive to the offense charged in the indictment and the jury's intent is not clear; therefore, the language stating that the appellant was found guilty of the "possession of marijuana" cannot be held to be surplusage.
In State v. Whiting, 41 Ohio App.3d 107, 534 N.E.2d 904 (1987), the defendant argued on appeal that the jury verdict was insufficient to sustain his sentence for a second or third degree felony. The defendant in Whiting, supra, was indicted for aggravated trafficking, wherein the drug is a Schedule I or II controlled substance, but the jury verdict form stated that the defendant was guilty of simple trafficking in drugs, wherein the drug is a Schedule III, IV, or V controlled substance. The court found that "[t]he discrepancy between the indictment and the verdict form is sufficient to cast doubt upon the jury's verdict and create the need for a new trial because, under the facts of the case on review, trafficking in drugs cannot be a lesser-included offense of aggravated trafficking."
"As Chief Justice Marshall stated:
"`The rule that a man shall not be charged with one crime and convicted of another, may sometimes cover real guilt, but its observance is essential to the preservation of innocence. It is only a modification of this rule, that the accusation on which the prosecution is founded, should state the crime which is to be proved, and state such a crime as will justify the judgment to be pronounced.'

The Hoppet v. United States, 7 Cranch (11 U.S.) 389, 394, 3 L.Ed. 380, 382 (1813)."
Clements v. State, 370 So.2d 723, 728 (Ala. 1979), overruled, Beck v. State, 396 So.2d 645 (Ala.1980). See also Ex parte Tomlin, 443 So.2d 59, 64-65 (Ala.1983), cert. denied, 466 U.S. 954, 104 S.Ct. 2160, 80 L.Ed.2d 545 (1984), Johnson v. State, 399 So.2d 859, 865 (Ala.Cr.App.1979), affirmed in part, reversed in part on other grounds, 399 So.2d 873 (Ala.1979).
Because the appellant was charged with the unlawful sale of a controlled substance but was convicted, pursuant to the jury verdict forms, of the possession of marijuana, where the latter could not be a lesser included offense of the former, the judgment is due to be reversed and the cause remanded for a new trial.
REVERSED AND REMANDED.
All judges concur except BOWEN, J., concurs specially with opinion.
BOWEN, Judge, concurring specially.
The difficulties presented in this case and the cause for the reversal arise from the fact that the defendant was indicted under the wrong Code section! A defendant charged with the possession of marijuana must be indicted under Ala.Code 1975, § 13A-12-213 or -214 (possession of marijuana in the first and second degree) and not under § 13A-12-211 or -212 (unlawful distribution and possession or receipt of controlled substances). Pool v. State, 570 So.2d 1260 (Ala.Cr.App.), affirmed, 570 So.2d 1263 (Ala.1990).
NOTES
[1] Facts may exist which would support the offense of the unlawful possession of marijuana in the first degree where an individual "possesses marijuana for other than personal use," § 13A-12-213(a)(1), as a lesser included offense of the unlawful distribution of controlled substances; for example, in a case where it is unclear whether money had yet changed hands.