The appellant was indicted for escape in the second degree, in violation of § 13A-10-32, Code of Alabama 1975. He was found guilty as charged in the indictment and was sentenced to life in prison as a habitual offender.
 I
The appellant first contends that his conviction is due to be reversed because the indictment failed to properly charge him with an offense. He argues that the State was prohibited from prosecuting him as an aider and abetter under § 13A-10-32 and that he should have been indicted under § 13A-10-34 or -35. We agree.
The State's evidence indicated that the appellant aided in the escape of another *Page 588 
inmate from the Houston County jail by helping the inmate escape from the jail by pushing the inmate out of the jail in a trash cart. The appellant then immediately returned to the jail. The indictment charged the appellant with escape in the second degree. The jury was instructed on both escape in the second degree and on aiding and abetting. The specific offense of permitting or facilitating escape, however, is set out in §§ 13A-10-34 and -35.
Section 13A-10-34 is entitled "Permitting or facilitating escape in the first degree," and it provides:
 "(a) A person commits the crime of permitting or facilitating escape in the first degree if:
 "(1) He intentionally aids or attempts to aid in the escape of a person arrested for, charged with or convicted of a felony from a penal facility; or
 "(2) He is a public servant of a penal facility and intentionally, knowingly or recklessly permits or facilitates the escape of a person arrested for, charged with or convicted of a felony.
 "(b) Permitting or facilitating an escape in the first degree is a Class C felony."
Section 13A-10-35 is entitled "Permitting or facilitating escape in the second degree," and it states:
 "(a) A person commits the crime of permitting or facilitating escape in the second degree if:
 "(1) He intentionally aids or attempts to aid in the escape of a person arrested for, charged with or convicted of a misdemeanor from a penal or detentional facility; or
 "(2) He is a public servant of a penal or detention facility and who intentionally, knowingly, or recklessly permits or facilitates the escape of a person arrested for, charged with, or convicted of a misdemeanor.
 "(b) Permitting or facilitating escape in the second degree is a Class A misdemeanor."
Sections 13A-10-32, -34 and -35 were part of the same bill and were enacted at the same time. While § 13A-10-32 relates to the general offense of escape, §§ 13A-10-34 and -35specifically address a situation in which the accused aids in an escape. " 'There is a rule of statutory construction that specific provisions relating to specific subjects are understood as exceptions to general provisions relating to general subjects.' " Pool v. State, 570 So.2d 1260, 1262
(Ala.Cr.App.), aff'd, 570 So.2d 1263 (Ala. 1990) (quotingMurphy v. City of Mobile, 504 So.2d 243, 244 (Ala. 1987)). " 'Special statutory provisions on specific subjects control general provisions on general subjects.' " Pool,570 So.2d at 1262 (quoting Baldwin County v. Jenkins, 494 So.2d 584, 588
(Ala. 1986)). Sections 13A-10-34 and -35 specifically address the offense of permitting or facilitating escape. Because these statutes are specific provisions, they constitute exceptions to the general provisions relating to escape. See, e.g.,Pool.
This court is required to ascertain and effectuate the intent of the legislature as set out in the statute. Shelton v.Wright, 439 So.2d 55 (Ala. 1983); Pool. Such intent "may be gleaned from the language used, the reason and necessity for the act and the purpose sought to be obtained." Shelton at 57.See also Pool at 1262. It is clear to this court that the legislature intended to create a separate, specific offense for permitting or facilitating escape. Although it does not constitute binding, legal authority, the commentary to these sections states that "[p]ermitting or facilitating escape is not left to the general provisions on aiding and abetting." If the appellant's offense was to be included within the general escape and aiding and abetting statutes, there would have been no reason to enact §§ 13A-10-34 and -35. " '[I]t is presumed that the legislature does not enact meaningless, vain or futile statutes.' " Pool at 1262 (quoting Druid City Hospital Board v.Epperson, 378 So.2d 696, 699 (Ala. 1979)).
It is clear to this court that §§ 13A-10-31 through -33 apply to situations in which the accused escapes or attempts to escape. Sections 13A-10-34 and -35 apply when the accused aids or attempts to aid someone *Page 589 
else in an escape. Furthermore, a conviction pursuant §§13A-10-31, -32 or -33 is classified as a felony. Section13A-10-35(b) classifies permitting or facilitating escape in the second degree as a misdemeanor. If we were to agree with the State's argument, the offense of permitting or facilitating escape in the second degree could be elevated to a felony because the State could choose to prosecute the very same conduct under § 13A-10-32. This could not have been the intent of the legislature. See, e.g., Pool v. State at 1265. Thus, the appellant's conviction must be reversed.
 II
The appellant contends that his conviction was a violation of the Double Jeopardy Clause because he was previously convicted of failure to return. This argument has no merit. First, the trial court correctly held that the appellant failed to timely raise this defense. See Ala.R.Crim.P.Temp. 16.2. Furthermore, even if the appellant had been properly indicted and convicted pursuant to a proper indictment, the record reveals that the two offenses arose from separate incidents. The record indicates that on February 13, 1989, at approximately 6:00 a.m., the appellant aided in the escape of another inmate. The failure to return conviction was based on events that occurred later that day. The record indicates that the appellant left the jail at 12:16 p.m. to go to the post office. He was no longer an outside trusty when he left. He then failed to return and was picked up at his mother's house later that evening.
In light of the foregoing, we find it unnecessary to review the remaining issues raised by the appellant. For the reasons stated above, the judgment of the Houston Circuit Court is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
All the Judges concur.