663 So.2d 967 (1993)
Larry HEARD
v.
STATE.
No. CR-91-1682.
Court of Criminal Appeals of Alabama.
February 12, 1993.
E. Paul Jones, Alexander City, for appellant.
*968 James H. Evans, Atty. Gen., and Joseph G.L. Marston, Asst. Atty. Gen., for appellee.
TAYLOR, Judge.
The appellant, Larry Heard, appeals from the partial denial of his petition for post-conviction relief filed under Rule 32, A.R.Crim.P. The appellant was convicted on one count of possession of marijuana and one count of possession of cocaine. He was sentenced to 15 years in prison. We affirmed the appellant's convictions in Heard v. State, 574 So.2d 873 (Ala.Cr.App.1990).
The appellant filed this petition for post-conviction relief in December 1991. He alleges in his petition that count one of the indictment, which charged him with possession of marijuana, was void because, he says, it cited the wrong Code section. Specifically, he argues that count one of the indictment cited § 13A-12-212, instead of § 13A-12-213 and, that therefore, it failed to charge an offense. After an evidentiary hearing on the appellant's petition, the trial court determined that count one of the indictment was void. The court made the following findings:
"The Petitioner/Defendant's contention that the Court was without jurisdiction as to the conviction of possession of marijuana is well taken. Pursuant to the case of Pool v. State, 570 So.2d 1260, the indictment is defective with regard to the charge of possession of marijuana, and the defect goes to the subject matter jurisdiction of the Court. The Court further determined that the defect is not a mere matter of form, and therefore the Court determined the defect cannot be waived or procedurally barred because of the ruling in the Pool case."
The state does not agree with the court's ruling concerning count one of the indictment. On appeal, the state asks that we remand this cause to the Circuit Court for Tallapoosa County so that that court can correct this portion of its findings to reflect that this issue had been waived by the appellant's failure to raise it at the correct time. We agree with the state.
The indictment against the appellant reads as follows:
"1. The Grand Jury of [Tallapoosa] County charges that before the finding of this indictment Larry Eugene Heard, alias Larry E. Heard, alias Larry Heard, the true or christian name of whom being otherwise unknown to the Grand Jury, did on to-wit: January 22, 1988, while at or near Camp Hill, Tallapoosa County, Alabama, unlawfully possess marihuana, a controlled substance enumerated in Schedule I, Section 20-2-23 of the Code of Alabama, contrary to the provisions of The Drug Crimes Amendments Act of 1987, in violation of Section 13A-12-212 of the Code of Alabama, against the peace and dignity of the State of Alabama.
"2. The Grand Jury of said County further charges that before the finding of this Indictment Larry Eugene Heard, alias Larry E. Heard, alias Larry Heard, the true or Christian name of whom being otherwise unknown to the Grand Jury, did on to-wit: January 22, 1988, while at or near Camp Hill, Tallapoosa County, Alabama, unlawfully possess cocaine, a controlled substance enumerated in Schedule II, Section 20-2-25 of the Code of Alabama, contrary to the provisions of The Drug Amendments Act of 1987, in violation of Section 13A-12-212 of the Code of Alabama, against the peace and dignity of the State of Alabama."
An error in the indictment citing an incorrect Code section has traditionally been viewed as an error that does not render the indictment void. Bush v. State, 431 So.2d 555 (Ala.Cr.App.1982), aff'd, 431 So.2d 563 (Ala.1983), cert. denied, 464 U.S. 865, 104 S.Ct. 200, 78 L.Ed.2d 175 (1983). An error in an indictment that does not render the indictment void is waivable if an objection has not been raised at the proper time. Canada v. State, 421 So.2d 140 (Ala.Cr.App. 1982).
The appellant asserts that the citation to the wrong Code section in count one of the indictment rendered the indictment void; therefore, he argues, his failure to raise this issue before now did not waive the alleged error. The appellant relied on this court's holding in Pool v. State, 570 So.2d 1260 (Ala. Cr.App.), aff'd, 570 So.2d 1263 (Ala.1990). *969 Judge Bowen, writing for this court in Pool, held that an indictment that charged an individual with possession of marijuana under § 13A-12-212 was invalid, because the legislature had specifically drafted statutes charging possession of marijuana, §§ 13A-12-213 and 13A-12-214.
The state cites the Alabama Supreme Court's decision in Ex parte Pool, 570 So.2d 1263 (Ala.1990), and calls our attention to the Court's footnote in that case telling the reader that because this issue had been preserved by proper and timely objection, this error does not render the indictment void. The very wording of the Supreme Court's decision in Pool, compels us to conclude that this type of error does not render the indictment void, but only voidable and, thus, that the error is waivable. As the Alabama Supreme Court stated in Pool, 570 So.2d at 1264, fn. 2:
"The State argues that the Court of Criminal Appeals erred in reaching the issue of whether the indictment properly charged Pool because, it argues, Pool did not object to the indictment except in a tardy motion and the trial judge never saw or ruled upon that motion. The record shows otherwise. Petitioner's motion was brought to the trial judge's attention at a motion hearing prior to opening arguments; the State never made any objection based on a contention that this motion was `late'; the trial judge and both attorneys discussed this motion and the issues it raised, and their discussion took up 17 pages of the transcript. Thereafter, the trial judge clearly ruled that he was going to allow the State to proceed under § 13A-12-212. The State's argument on this point is not well taken."
Had the error in the indictment been such as to make the indictment void it would not be waivable, and the fact that an objection was made would have made no difference. We would welcome clarification of the Supreme Court's position on this issue, on which this court is now divided. For the reasons stated above, this cause is remanded to the Circuit Court for Tallapoosa County for proceedings not inconsistent with this opinion. Due return should be filed in this court no later than 28 days from the date of this opinion.
REMANDED WITH DIRECTIONS.
All the Judges concur except BOWEN, P.J., who dissents with opinion.
BOWEN, Presiding Judge, dissenting.
The majority treats the flaw in this indictment as the mere miscitation of a code section, a voidable defect waived by the failure to assert it in a timely manner. See Mann v. State, 473 So.2d 1225 (Ala.Cr.App.1985). Even if the code section were correctly cited, however, the indictment fails to state any offense under Alabama law and is therefore void. See Pool v. State, 570 So.2d 1260, 1262 (Ala.Cr.App.), affirmed, 570 So.2d 1263 (Ala. 1990); Wyley v. State, 565 So.2d 1200, 1201 (Ala.Cr.App.1990); Watley v. State, 568 So.2d 852, 854-56 (Ala.Cr.App.1989), cert. quashed, 568 So.2d 857 (Ala.1990).
Omitting the code citation, the indictment charged that the appellant "did unlawfully possess marihuana, a controlled substance...." In Pool, Wyley, and Watley, this Court held that such a charge states no offense under the Drug Crimes Amendments Act of 1987.
As we observed in Pool, there is no statute in the Alabama Criminal Code proscribing "`conduct merely in terms of "possession of marihuana."'" 570 So.2d at 1262. Instead,
"`[t]he phrases "for other than personal use" and "for ... personal use only" modify, define, and classify the type of marihuana possession proscribed in §§ 13A-12-213 and -214. [These phrases] are "inseparable ingredients of the offense"` and must be alleged in an indictment charging a defendant with possession of marihuana."

Pool v. State, 570 So.2d at 1262 (quoting Watley v. State, 568 So.2d at 85[5] (emphasis added)) (bracketed material added by the court in Pool).
In Wyley v. State, we held that an indictment charging that the accused "did unlawfully, willfully, and feloniously possess MARIJUANA, in violation of § 13A-12-213," failed to state an offense because it did not specify whether the accused "[wa]s charged with possession for other than personal use *970 ... or with possession for personal use after a prior conviction." Wyley, 565 So.2d at 1201.
In Watley v. State, this Court held that "an indictment merely charging the `possession of marihuana' under the 1987 Drug Crimes Amendments Act is void for vagueness because, not only does it fail to charge an offense, but a defendant cannot determine whether he is being charged under § 13A-12-213(a)(1), § 13A-12-213(a)(2), or § 13A-12-214(a)." Watley, 568 So.2d at 855-56.
An indictment is void, not merely voidable, if it fails to charge a crime "substantially in the terms of the statute creating the offense," and fails to "set[ ] out all the material elements thereof." Ex parte Horton, 456 So.2d 1120, 1121-22 (Ala.1984).
The majority concludes that the indictment in this case is not void because the error of a void indictment can be raised or noticed at any time, yet the Alabama Supreme Court, construing a nearly identical indictment in Pool v. State, 570 So.2d 1263 (Ala.1990) (affirming this Court's decision in Pool v. State, 570 So.2d 1260), points out that the error of proceeding under the defective indictment had been preserved in that case.
Although the Supreme Court answered the State's non-preservation argument in Pool, see 570 So.2d at 1264 n. 2, I cannot agree that the footnote containing that answer amounts to the following holding: the error of proceeding under an indictment that fails to track the language of the applicable statute, that fails to give the accused notice of what he will be called upon to defend, and that fails to state any offense at all may be waived. The failure of an indictment to state an offense may be raised at any time. See Tucker v. State, 429 So.2d 1165, 1169 (Ala.Cr. App.1983). The defect of a void indictment cannot be waived. Barbee v. State, 417 So.2d 611, 613 (Ala.Cr.App.1982).
Ex parte Harper, 594 So.2d 1181 (Ala. 1991), cert. denied, ___ U.S. ___, 113 S.Ct. 330, 121 L.Ed.2d 248 (1992), a case that tightened the rules for objecting to defective and voidable indictments[1], does not preclude relief here. Harper dealt with an indictment that did track the language of the applicable statute, Harper, 594 So.2d at 1182, and that did "sufficiently apprise[ ] the accused with reasonable certainty of the nature of the accusation made against him." Harper, 594 So.2d at 1183. See also Ex parte Rumlin, 564 So.2d 1386, 1388 (Ala.1990). The indictment in this case did neither. It was wholly insufficient to charge any crime, and as such, it constituted a "jurisdictional" defect open to review on collateral attack.
NOTES
[1] We find the following in H. Maddox, Alabama Rules of Criminal Procedure § 15.2 at 115 n. 10.1 (Supp.1992):

"The question is: What do the words `during the pendency of the proceeding' mean? It would appear that a literal reading of the words `during the pendency of the proceeding' would be construed to mean that an objection to `subject matter jurisdiction,' must be made `during the pendency of the action,' or it would be waived. See Rule 15.2(a). On the other hand, Rule 32.1(b) states that a defendant, in post-conviction proceedings, can raise the ground that `[t]he Court was without jurisdiction to render judgment or to impose sentence.' If ever faced with the question, the appellant Courts may very well hold that lack of subject matter jurisdiction can be raised at any time."