The appellant, Larry Heard, appeals from the partial denial of his petition for post-conviction relief filed under Rule 32, A.R.Crim.P. The appellant was convicted on one count of possession of marijuana and one count of possession of cocaine. He was sentenced to 15 years in prison. We affirmed the appellant's convictions in Heard v. State, 574 So.2d 873
(Ala.Cr.App. 1990).
The appellant filed this petition for post-conviction relief in December 1991. He alleges in his petition that count one of the indictment, which charged him with possession of marijuana, was void because, he says, it cited the wrong Code section. Specifically, he argues that count one of the indictment cited § 13A-12-212, instead of § 13A-12-213 and, that therefore, it failed to charge an offense. After an evidentiary hearing on the appellant's petition, the trial court determined that count one of the indictment was void. The court made the following findings:
 "The Petitioner/Defendant's contention that the Court was without jurisdiction as to the conviction of possession of marijuana is well taken. Pursuant to the case of Pool v. State, 570 So.2d 1260, the indictment is defective with regard to the charge of possession of marijuana, and the defect goes to the subject matter jurisdiction of the Court. The Court further determined that the defect is not a mere matter of form, and therefore the Court determined the defect cannot be waived or procedurally barred because of the ruling in the Pool case."
The state does not agree with the court's ruling concerning count one of the indictment. On appeal, the state asks that we remand this cause to the Circuit Court for Tallapoosa County so that that court can correct this portion of its findings to reflect that this issue had been waived by the appellant's failure to raise it at the correct time. We agree with the state.
The indictment against the appellant reads as follows:
 "1. The Grand Jury of [Tallapoosa] County charges that before the finding of this indictment Larry Eugene Heard, alias Larry E. Heard, alias Larry Heard, the true or christian name of whom being otherwise unknown to the Grand Jury, did on to-wit: January 22, 1988, while at or near Camp Hill, Tallapoosa County, Alabama, unlawfully possess marihuana, a controlled substance enumerated in Schedule I, Section 20-2-23 of the Code of Alabama, contrary to the provisions of The Drug Crimes Amendments Act of 1987, in violation of Section 13A-12-212 of the Code of Alabama, against the peace and dignity of the State of Alabama.
 "2. The Grand Jury of said County further charges that before the finding of this Indictment Larry Eugene Heard, alias Larry E. Heard, alias Larry Heard, the true or Christian name of whom being otherwise unknown to the Grand Jury, did on to-wit: January 22, 1988, while at or near Camp Hill, Tallapoosa County, Alabama, unlawfully possess cocaine, a controlled substance enumerated in Schedule II, Section 20-2-25 of the Code of Alabama, contrary to the provisions of The Drug Amendments Act of 1987, in violation of Section 13A-12-212 of the Code of Alabama, against the peace and dignity of the State of Alabama."
An error in the indictment citing an incorrect Code section has traditionally been viewed as an error that does not render the indictment void. Bush v. State, 431 So.2d 555 (Ala.Cr.App. 1982), aff'd, 431 So.2d 563 (Ala. 1983), cert. denied,464 U.S. 865, 104 S.Ct. 200, 78 L.Ed.2d 175 (1983). An error in an indictment that does not render the indictment void is waivable if an objection has not been raised at the proper time. Canadav. State, 421 So.2d 140 (Ala.Cr.App. 1982).
The appellant asserts that the citation to the wrong Code section in count one of the indictment rendered the indictment void; therefore, he argues, his failure to raise this issue before now did not waive the alleged error. The appellant relied on this court's holding in Pool v. State, 570 So.2d 1260
(Ala.Cr.App.), aff'd, 570 So.2d 1263 (Ala. 1990). *Page 969 
Judge Bowen, writing for this court in Pool, held that an indictment that charged an individual with possession of marijuana under § 13A-12-212 was invalid, because the legislature had specifically drafted statutes charging possession of marijuana, §§ 13A-12-213 and 13A-12-214.
The state cites the Alabama Supreme Court's decision inEx parte Pool, 570 So.2d 1263 (Ala. 1990), and calls our attention to the Court's footnote in that case telling the reader that because this issue had been preserved by proper and timely objection, this error does not render the indictment void. The very wording of the Supreme Court's decision in Pool, compels us to conclude that this type of error does not render the indictment void, but only voidable and, thus, that the error is waivable. As the Alabama Supreme Court stated in Pool, 570 So.2d at 1264, fn. 2:
 "The State argues that the Court of Criminal Appeals erred in reaching the issue of whether the indictment properly charged Pool because, it argues, Pool did not object to the indictment except in a tardy motion and the trial judge never saw or ruled upon that motion. The record shows otherwise. Petitioner's motion was brought to the trial judge's attention at a motion hearing prior to opening arguments; the State never made any objection based on a contention that this motion was 'late'; the trial judge and both attorneys discussed this motion and the issues it raised, and their discussion took up 17 pages of the transcript. Thereafter, the trial judge clearly ruled that he was going to allow the State to proceed under § 13A-12-212. The State's argument on this point is not well taken."
Had the error in the indictment been such as to make the indictment void it would not be waivable, and the fact that an objection was made would have made no difference. We would welcome clarification of the Supreme Court's position on this issue, on which this court is now divided. For the reasons stated above, this cause is remanded to the Circuit Court for Tallapoosa County for proceedings not inconsistent with this opinion. Due return should be filed in this court no later than 28 days from the date of this opinion.
REMANDED WITH DIRECTIONS.
All the Judges concur except BOWEN, P.J., who dissents with opinion.