The majority treats the flaw in this indictment as the mere miscitation of a code section, a voidable defect waived by the failure to assert it in a timely manner. See Mann v. State,473 So.2d 1225 (Ala.Cr.App. 1985). Even if the code section were correctly cited, however, the indictment fails to state any offense under Alabama law and is therefore void. See Pool v.State, 570 So.2d 1260, 1262 (Ala.Cr.App.), affirmed,570 So.2d 1263 (Ala. 1990); Wyley v. State, 565 So.2d 1200, 1201
(Ala.Cr.App. 1990); Watley v. State, 568 So.2d 852, 854-56
(Ala.Cr.App. 1989), cert. quashed, 568 So.2d 857 (Ala. 1990).
Omitting the code citation, the indictment charged that the appellant "did unlawfully possess marihuana, a controlled substance. . . ." In Pool, Wyley, and Watley, this Court held that such a charge states no offense under the Drug Crimes Amendments Act of 1987.
As we observed in Pool, there is no statute in the Alabama Criminal Code proscribing " 'conduct merely in terms of "possession of marihuana." ' " 570 So.2d at 1262. Instead,
 " '[t]he phrases "for other than personal use" and "for . . . personal use only" modify, define, and classify the type of marihuana possession proscribed in §§ 13A-12-213 and -214. [These phrases] are "inseparable ingredients of the offense" ' and must be alleged in an indictment charging a defendant with possession of marihuana."
Pool v. State, 570 So.2d at 1262 (quoting Watley v. State, 568 So.2d at 85[5] (emphasis added)) (bracketed material added by the court in Pool).
In Wyley v. State, we held that an indictment charging that the accused "did unlawfully, willfully, and feloniously possess MARIJUANA, in violation of § 13A-12-213," failed to state an offense because it did not specify whether the accused "[wa]s charged with possession for other than personal use *Page 970 
. . . or with possession for personal use after a prior conviction." Wyley, 565 So.2d at 1201.
In Watley v. State, this Court held that "an indictment merely charging the 'possession of marihuana' under the 1987 Drug Crimes Amendments Act is void for vagueness because, not only does it fail to charge an offense, but a defendant cannot determine whether he is being charged under § 13A-12-213(a)(1), § 13A-12-213(a)(2), or § 13A-12-214(a)." Watley, 568 So.2d at 855-56.
An indictment is void, not merely voidable, if it fails to charge a crime "substantially in the terms of the statute creating the offense," and fails to "set out all the material elements thereof." Ex parte Horton, 456 So.2d 1120, 1121-22
(Ala. 1984).
The majority concludes that the indictment in this case is not void because the error of a void indictment can be raised or noticed at any time, yet the Alabama Supreme Court, construing a nearly identical indictment in Pool v. State,570 So.2d 1263 (Ala. 1990) (affirming this Court's decision in Poolv. State, 570 So.2d 1260), points out that the error of proceeding under the defective indictment had been preserved in that case.
Although the Supreme Court answered the State's non-preservation argument in Pool, see 570 So.2d at 1264 n. 2, I cannot agree that the footnote containing that answer amounts to the following holding: the error of proceeding under an indictment that fails to track the language of the applicable statute, that fails to give the accused notice of what he will be called upon to defend, and that fails to state any offense at all may be waived. The failure of an indictment to state an offense may be raised at any time. See Tucker v. State,429 So.2d 1165, 1169 (Ala.Cr.App. 1983). The defect of a void
indictment cannot be waived. Barbee v. State, 417 So.2d 611,613 (Ala.Cr.App. 1982).
Ex parte Harper, 594 So.2d 1181 (Ala. 1991), cert. denied, ___ U.S. ___, 113 S.Ct. 330, 121 L.Ed.2d 248 (1992), a case that tightened the rules for objecting to defective and voidable indictments[1], does not preclude relief here. Harper
dealt with an indictment that did track the language of the applicable statute, Harper, 594 So.2d at 1182, and that did
"sufficiently apprise the accused with reasonable certainty of the nature of the accusation made against him." Harper, 594 So.2d at 1183. See also Ex parte Rumlin, 564 So.2d 1386,1388 (Ala. 1990). The indictment in this case did neither. It was wholly insufficient to charge any crime, and as such, it constituted a "jurisdictional" defect open to review on collateral attack.
[1] We find the following in H. Maddox, Alabama Rules of CriminalProcedure § 15.2 at 115 n. 10.1 (Supp. 1992):
 "The question is: What do the words 'during the pendency of the proceeding' mean? It would appear that a literal reading of the words 'during the pendency of the proceeding' would be construed to mean that an objection to 'subject matter jurisdiction,' must be made 'during the pendency of the action,' or it would be waived. See Rule 15.2(a). On the other hand, Rule 32.1(b) states that a defendant, in post-conviction proceedings, can raise the ground that '[t]he Court was without jurisdiction to render judgment or to impose sentence.' If ever faced with the question, the appellant Courts may very well hold that lack of subject matter jurisdiction can be raised at any time."