MADDOX, Justice.
On November 30, 1988, Larry Heard was convicted on one count of possession of marijuana and one count of possession of cocaine. He was sentenced to 15 years’ imprisonment. Over three years later, on December 20, 1991, Heard filed a petition for postconviction relief under Rule 32, Ala.R.Cr.P., alleging that Count 1 of the indictment, which charged him with possession of marijuana, was void because it cited the wrong Code section. Heard further alleged that Count 2 of the indictment, which charged him with possession of cocaine, was defective because it failed to use the word “knowingly.” The essence of his argument was that because he was tried on the two counts simultaneously, and the first charge was defective, he is entitled to a new trial of both charges. The trial court set aside Heard’s conviction under Count 1 of the indictment on the ground that the incorrect citation of the Code section rendered the count void; however, the court held that all remaining issues alleged in the Rule 32 petition were without merit or were procedurally barred because Heard had not timely raised them at trial or on appeal from his conviction. Heard appealed from the trial court’s order denying relief on the remaining issues, arguing that the court incorrectly upheld Count 2 of the indictment, which charged him with possession of cocaine. He argued that in view of the fact that the trial court granted his motion to set aside his conviction for possession of marijuana, the court should have granted him a new trial on the cocaine charge.
With Judge Bowen dissenting, the Court of Criminal Appeals affirmed the trial court’s order, to the extent that it upheld the conviction and sentence under Count 2 of the indictment (possession of cocaine), but ruled that Count 1 (possession of marijuana), while defective, was not void. The court remanded the cause for the reinstatement of the conviction under Count 1 of the indictment.[1] When the ease was returned to the Court of Criminal Appeals after remand, that court affirmed the trial court’s denial of the defendant’s petition. See Heard v. State, 663 So.2d 967, 663 So.2d 970, 663 So.2d 971 (Ala. Cr.App.1993). Thereafter, the defendant petitioned this Court for certiorari review.
We granted certiorari review for the purpose of reviewing this issue presented in regard to Count 1 of the indictment: Whether the citation to the wrong Code section can be waived by the defendant’s failure to raise it in a timely manner. The defendant relies on Pool v. State, 570 So.2d 1263 (Ala.1990), to support his assertion that his failure to raise this issue before he filed his post-conviction petition did not waive the alleged error.
Upon consideration of the record and the issues presented and briefed in the Court of Criminal Appeals, it is not apparent to us why the Court of Criminal Appeals addressed this issue. This issue does not appear to have been raised on appeal or cross appeal either by the defendant or by the State. Consequently, we remand this case to the Court of Criminal Appeals so that that court can explain how this matter was raised on appeal.
The Court of Criminal Appeals is directed to make a return to this Court within 56 days from the date of this order, indicating why the issue presented in the petition to this Court was addressed by that court.
REMANDED WITH INSTRUCTIONS.
HOUSTON, KENNEDY, INGRAM, and BUTTS, JJ., concur.

. The cause was remanded a second time because the trial court failed to comply with the appellate court’s mandate on the first remand.