ON REMAND FROM THE SUPREME COURT OF ALABAMA

TAYLOR, Presiding Judge.
The appellant, Larry Heard, appealed the trial court’s ruling on his petition for post-conviction relief filed pursuant to Rule 32, Ala.R.Crim.P. We remanded this cause so that the trial court could correct that portion of its ruling relating to Count I of the indictment to reflect that, as a matter of law, the issue had been waived by the appellant’s failure to raise it before raising it in a post-conviction proceeding. Heard v. State, 663 So.2d 967 (Ala.Cr.App.1993). We remanded this cause a second time after the trial court failed to comply with our directions. Heard v. State, 663 So.2d 970 (Ala.Cr.App.1993). After the court complied with our directions, we affirmed the judgment. Heard v. State, 663 So.2d 971 (Ala.Cr.App.1993). The appellant then petitioned the Alabama Supreme Court for certiorari review. That court granted the petition and remanded the cause to this court. Ex parte Heard, 663 So.2d 971 (Ala.1995). The case was then held in the Court of Criminal Appeals clerk’s office for two months in expectation that an application for rehearing would be filed in the Alabama Supreme Court.
In its formal opinion, the Supreme Court stated:
“Upon consideration of the record and the issues presented and briefed in the Court of Criminal Appeals, it is not apparent to us why the Court of Criminal Appeals addressed this issue [relating to Count I]. This issue does not appear to have been raised on appeal or cross appeal either by the defendant or by the State. Consequently, we remand this case to the Court of Criminal Appeals so that that court can explain how this matter was raised on appeal.”
663 So.2d at 972. This explanation is in compliance with that mandate.
*974 The issue concerning the trial court’s ruling as to Count I of the indictment was first presented to this court in the appellant’s brief on his Rule 32 petition. In framing issue I, the appellant stated, “Having found that the indictment was defective as to count one, which attempted to charge the defendant with possession of marijuana, did the trial court err in refusing to order a new trial as to all issues?” In response to this question the attorney general’s office later, on November 9, 1992, filed with this court a “motion to remand for reconsideration” with an accompanying brief. The motion asserts the following:
“Comes the State of Alabama, Appellee in the above styled cause and prays to show unto this Honorable Court as follows:
“1. The Appellant, Larry Heard, was convicted on November 30,1988, under a two count indictment.
“2. On August 30, 1990, this Honorable Court affirmed said conviction. Heard v. State, 574 So.2d 873 (Ala.Cr. App.1990); cert. den.
“3. The instant cause is an appeal from a post-conviction proceeding in the Circuit Court relating to said convictions.
“4. Although most of the order appealed from is patently correct, the Circuit Court erred in finding count 1 of the indictment void, because it contained a miscitation of a code section.
“5. The relevant portion of the Circuit Court’s order reads as follows:
“ ‘The Petitioner/Defendant’s contention that the Court was without jurisdiction as to the conviction of possession of marijuana is well taken. Pursuant to the case of Pool v. State, 570 So.2d 1260 [ (Ala.Cr.App.1990) ], the indictment is defective with regard to the charge of possession of marijuana, and the defect goes to the subject matter jurisdiction of the Court. The Court further determinéd that the defect is not a mere matter of form, and therefore the Court determined the defect cannot be waived or procedurally barred because of the ruling in the Pool case_’ (R. pp. 44-45).
“6. In so holding, the Circuit Court erred, as is set out in detail in the accompanying brief.
“Therefore, the Appellee moves that this Honorable Court remand this cause to the Circuit Court for reconsideration of such holding.”
(Emphasis added.)
This court reached the question and remanded this case only after the appellant challenged the issue in his brief and the state filed the motion reproduced above.
QUESTION ANSWERED.
All the Judges concur.