Larry Jerome Dalton was convicted for manslaughter in the death of his wife, Della Dalton, and sentenced to twenty years' imprisonment.
On November 20, 1983, the defendant and Michael Pless had been target shooting with a .38 caliber derringer and had been smoking marijuana. At approximately 11:30 that morning, they returned to the defendant's home and were talking about how they could not hit anything with the pistol. Mrs. Dalton asked what good was the pistol if they could not hit anything with it. The defendant put the derringer to Mrs. Dalton's shoulder and said, "It's for close range." The weapon discharged, mortally wounding Mrs. Dalton.
Pless telephoned the Ider Police Department. Officer Newman Slatton was dispatched at 12:10 P.M. and arrived at the defendant's residence at 12:25 P.M. While the officer was knocking on the defendant's door, Pless arrived, driving the defendant's car. Without mentioning any details of the shooting, Pless said "come here let me show you, Larry shot his wife." Pless opened the door and went in the defendant's residence, and Officer Slatton followed. Once inside, the officer seized the derringer and took photographs of the scene.
 I
We find that the admission of the derringer and the photographs of the scene of the shooting was only harmless error, if error at all. Mrs. Dorothy Allen was visiting the defendant and his wife that morning and testified to the circumstances surrounding the shooting. The defendant testified in his own defense and admitted shooting his wife: "I picked the gun up and put it to her shoulder and it went off." The derringer and the photographs of the scene did not add anything to the State's case and did not shed any light on any disputed issue.
"The Supreme Court in Chapman v. California, 386 U.S. 18,87 S.Ct. 824, 17 L.Ed.2d 705 (1967), held that a conviction need not be reversed if the constitutional error was harmless. The purpose of the harmless error rule is to avoid `setting aside convictions for small errors or defects that have little, if any, likelihood of having changed the result.' Id. at 22,87 S.Ct. at 827. This is precisely such a case." United States v.Satterfield, 743 F.2d 827, 847 (11th Cir. 1984), cert. denied, ___ U.S. ___, 105 S.Ct. 2362, 86 L.Ed.2d 262 (1985) (evidence against accused so extensive that admission of illegally seized shotgun was harmless beyond a reasonable doubt even though shotgun constitutes further evidence of accused's complicity in kidnapping); United States v. Gramlich, 551 F.2d 1359, 1363
(5th Cir.), cert. denied, 434 U.S. 866, 98 S.Ct. 201,54 L.Ed.2d 141 (1977) (admission of illegally seized passport and airline ticket to Colombia harmless where the accused was apprehended red-handed with a large quantity of marijuana). Here, the murder weapon and the photographs were not "crucial" to the case against the defendant. Compare United States v.Character, 568 F.2d 442, 445 (5th Cir. 1978). "The admission of improper evidence to establish an undisputed fact is harmless error." Cassidy v. State, 369 So.2d 310, 312 (Ala.Cr.App. 1979). See also Roberson v. State, 217 Ala. 696, 699,117 So. 412, 415 (1928) (admission of unconnected bullet found near scene of shooting held harmless error where accused admitted killing the deceased); Scott v. State, 337 So.2d 1342, 1348
(Ala.Cr.App. 1976) (admission of improperly seized shotgun and coat harmless error where there did not involve a disputed evidentiary fact and the shooting was admitted by accused);Ringstaff v. *Page 15 State, 451 So.2d 375, 383 (Ala.Cr.App. 1984) (admission of negative results of improper search held not harmful).
Because of our finding of harmless error, we need not consider the substantive validity and propriety of the search. Although there is no "murder scene exception" to the Fourth Amendment requirement of a search warrant, "police may make warrantless entries on premises where `they reasonably believe that a person within is in need of immediate aid,' . . . and . . . `they may make a prompt warrantless search of the area to see if there are other victims or if a killer is still on the premises.'" Thompson v. Louisiana, 469 U.S. 17, 105 S.Ct. 409,411, 83 L.Ed.2d 246 (1984).
 II
Whether the defendant was guilty of manslaughter or criminal negligence was a question for the jury. The jury's finding that the defendant was guilty of criminal recklessness and not mere negligence is amply supported by the facts. The defendant was familiar with the weapon. He knew it was loaded when he placed it to his wife's shoulder. It is difficult to understand how this defendant can claim that he failed to perceive the risk involved in his conduct. This seems to be a classic example of reckless conduct and the conscious disregard of a known risk. See Code of Alabama 1975, § 13A-2-2 Commentary.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.