TAYLOR, Presiding Judge.
The appellant, Elizabeth J. Ransaw, was convicted of violating the Uniform Controlled Substances Act, in that she possessed cocaine and marijuana in violation of § 13A-12-212, Code of Alabama 1975, as charged in the indictment. She was sentenced to five years on each of the two counts, the sentences to run concurrently.
The evidence tended to show that on January 6, 1988, a search warrant was executed on the apartment of the appellant in Alexander City, Alabama. Investigators searched the appellant’s bedroom and found the following items in the dresser: two hand-rolled cigarettes and three partially burned cigarettes, containing together .04 grams of marijuana and .103 grams of cocaine wrapped in aluminum foil squares. Numerous other items were found in the apartment such as “roach clips,” razor blades, pipes, rolling papers, scales, and an oxygen mask.
I
Appellant contends on appeal that the state failed to prove that she had knowledge of the presence of the drugs found in her apartment. Specifically, appellant argues that the state’s evidence *364 was insufficient to prove that she was guilty of constructive possession.
As Judge Bowen stated in German v. State, 429 So.2d 1138 (Ala.Cr.App.1982), “constructive possession exists when the defendant exercises or has the power to exercise, dominion and control over the item.” German, at 1140; quoting United States v. Laughman, 618 F.2d 1067, 1077 (4th Cir.1980), cert. denied, 447 U.S. 925, 100 S.Ct. 3018, 65 L.Ed.2d 1117 (1980); United States v. Phillips, 496 F.2d 1395, 1397 (5th Cir.1974), cert. denied, 422 U.S. 1056, 95 S.Ct. 2680, 45 L.Ed.2d 709 (1975).
“The apparent purpose of a constructive possession doctrine is expansion of the scope of possession statutes to encompass those cases where actual possession at the time of the arrest cannot be shown, but ‘where the inference that there has been possession at one time is exceedingly strong.’ ”
Hamilton v. State, 496 So.2d 100, 103-04 (Ala.Cr.App.1986), quoting Whitebread and Stevens, Constructive Possession in Narcotics Cases: To Have and Have Not, 58 Va.L.Rev. 751, 755 (1972), quoting, First Report of the National Commission on Marijuana and Drug Abuse, Appendix 139.
When the doctrine of constructive possession is applied, direct proof is not required and “possession may be established by an adequate showing of surrounding facts and circumstances.” Franklin v. State, 437 So.2d 609, 611 (Ala.Cr.App.1983).
In the instant case, the appellant admitted at trial that the illegal substances were found in a dresser in her bedroom but she said that she had no knowledge of their presence. She contends that these substances belonged to her common-law husband. Appellant stated that approximately five days before the search she had thrown her common-law husband out of the apartment. Thus, at the time of the search, the appellant and her stepson were the only occupants of the apartment. Deputy Sheriff Jerry Whetstone testified that the cocaine and the marijuana were found in a dresser in the appellant’s bedroom. The dresser contained women’s clothing.
“When drugs are found on the premises of which the defendant was in nonexclusive possession, the fact that they were found among or near his personal belongings may be a circumstance which is sufficient to link him with the possession of those drugs.”
Gary v. State, 473 So.2d 604, 605 (Ala.Cr.App.1985), citing Annot., 56 A.L.R.3d § 10, at 948 (1974). Sufficient evidence existed for the jury to find the appellant guilty of constructively possessing controlled substances.
II
Appellant further argues that the trial court erred in sentencing her to two five-year sentences when the substances found were discovered as a result of a single search. Appellant maintains that possession of marijuana and possession of cocaine are not distinct offenses and, therefore, that only one sentence may be imposed.
Appellant was indicted on two counts, one count for possession of marijuana and one count for possession of cocaine, both violations of § 13A-12-212, as charged in the indictment.
We recently addressed the validity of an indictment when the appellant was charged under § 13A-12-212, Code of Alabama 1975, for possession of marijuana. See Pool v. State, 570 So.2d 1260 (Ala.Cr.App.1990). Section 13A-12-212 is a general statute dealing with possessing different types of illegal substances. Sections 13A-12-213 and -214 specifically deal with offenses where marijuana is the illegal substance. Because there are statutes dealing solely with possession of marijuana, an individual cannot be charged with possession of marijuana in violation of § 13A-12-212, the general possession statute. Pool, at 1262.
“To permit the statute to charge a defendant with possession of marihuana under the general possession statute would be to vest in the prosecutor the direction to nullify the intent of the legislature.... We therefore hold that, in order to be charged with possession of marihuana a defendant must be charged under *365 § 13A-12-213 or 214. ‘To hold otherwise would emasculate [those] provisions.’ Adams v. Mathis, 350 So.2d 381, 385 (Ala.1977).”
Id. at 1262, 1263.
The conviction of possession of cocaine is affirmed. Appellant’s conviction of possession of marijuana is reversed. The appellant was not correctly charged under § 13A-12-213 or -214. Since we are reversing appellant’s conviction as to one count, appellant’s argument concerning her sentencing is rendered moot.
AFFIRMED IN PART,
REVERSED IN PART, AND REMANDED.
All the Judges concur.