BOWEN, Judge.
The appellant, James Reginald English, was convicted of the following offenses: 1) the unlawful distribution of cocaine, for which he was fined $1,500 and was sentenced to ten years’ imprisonment; 2) the unlawful possession of cocaine, for which he was fined $1,000 and was sentenced to ten years’ imprisonment; and 3) the unlawful possession of marijuana in the second degree, for which he was sentenced to 12 months’ hard labor in the county jail. The last two sentences were ordered to run concurrent with the first sentence. The appellant raises five issues on this appeal from those convictions.
I.
The appellant argues that the search cannot be justified on the basis of the search warrant because neither the search warrant nor the supporting affidavit were introduced into evidence. This issue was not preserved for review by any type of objection in the trial court. It is obvious from the record that Gadsden police lieutenant Roy Harbin, the affiant, testified from a copy of his affidavit and search warrant at the hearing on the motion to suppress. R. 9. “In all but capital cases, alleged error in a criminal proceeding must be properly preserved before an appellate court will examine it; therefore, it is incumbent upon defense counsel to adequately preserve alleged errors in a proceeding by making an appropriate and timely objection.” Ross v. State, 581 So.2d 495, 496 (Ala.1991).
II.
The appellant’s argument that there was no probable cause for his warrantless arrest is totally without merit.
Lieutenant Roy Harbin testified that he observed his informant, Lavell Turner, purchase crack cocaine from the appellant. Turner testified at trial that when he walked up to the house there were five or six black males standing by the porch. He met the appellant in the yard and the appellant sold him the cocaine, which the appellant retrieved out of a “baby milk formula can.”
After this controlled buy, Lt. Harbin secured a search warrant for the premises where the drug purchase occurred. When Harbin and officers from the Etowah County Narcotics Task Force returned to the residence to execute the warrant, the black *1130 males standing in front of the house, including the appellant, “[t]ook off running.” R. 79. The appellant was arrested on the porch of a vacant house across the street. A “baby milk formula can” was found near the curb where the appellant had been standing. The can contained 29 bags of crack cocaine. Beyond any doubt, the police had probable cause to arrest the appellant.
III.
The appellant also contends that the warrant for the search of the premises did not justify the search of the appellant’s truck, which was parked behind and next to the residence described in the search warrant.
After his arrest, the appellant was searched. The same $20 bill that Turner had given the appellant for the purchase of the crack cocaine was found in the appellant’s pants pocket. Marijuana was discovered in the appellant’s left hand and in his coat pocket.
Parked in the rear of the residence was a Ford Ranger pickup truck with a camper. Lieutenant Harbin testified that he asked the appellant “if that was his truck that was parked behind the house, and he said that it was, and I asked him for the keys, and he gave me the keys.” R. 81. One small bag of marijuana was found inside an orange juice can located under the edge of the front seat of the truck. There was no indication that the owner of the premises described in the search warrant had any control or authority over the appellant’s truck.
In Rogers v. State, 543 So.2d 719, 720 (Ala.Cr.App.1988), this Court noted, in dicta, that “ ‘[t]he conclusion that a description of premises covers vehicles parked thereon should at least be limited to vehicles under the control of the person whose premises are described.’ W. La-Fave, 2 Search and Seizure, § 4.10(c) at 323 (2nd ed. 1987).” However, that specific issue was not decided in Rogers.
Recently, this issue was addressed in United States v. Gottschalk, 915 F.2d 1459, 1461 (10th Cir.1990).
“A search warrant authorizing a search of certain premises generally includes any vehicles located within its cur-tilage if the objects of the search might be located therein. ... One circuit has added a limitation to the general rule: ‘that the vehicle to be searched must be owned or controlled by the owner of the premises searched....’ United States v. Percival, 756 F.2d 600, 612 (7th Cir.1985). Although this limitation has been applauded by some commentators, 2 W. LaFave, Search and Seizure, § 4.10(c) at 323 n. 51 (1978), it has been explicitly rejected by at least one circuit and several other courts. ...
“We believe the better rule in these circumstances is to define the scope of the warrant to include those automobiles either actually owned or under the control and dominion of the premises owner or, alternatively, those vehicles which appear, based on objectively reasonable in-dicia present at the time of the search, to be so controlled. Thus where the officers act reasonably in assuming that the automobile is under the control of the premises owner, it is included in the warrant.” (Footnote omitted.)
In this case we need not resolve this particular issue, because even if the search of the truck were improper and illegal it was harmless error. In addition to the marijuana found in the appellant’s truck, a small package of 'marijuana was found in the appellant’s hand and another in his pants pocket at the time he was apprehended. At trial the appellant testified in his own behalf and admitted ownership of this marijuana. It is absolutely inconceivable to conclude that the introduction of the marijuana discovered in the truck prejudiced the appellant even had the appellant not admitted possession. Rule 45, A.R.App.P. “When the evidence of the defendant’s guilt is strong, the defendant must show that the trial court’s error was prejudicial.” Ex parte Harris, 428 So.2d 124, 125 (Ala.1983).
IV.
The claim that the evidence is insufficient to connect the appellant with the cocaine found in the baby milk formula can *1131 is without merit. Turner testified that when he told the appellant he wanted to ' “buy a rock,” the appellant retrieved the “rock” out of a “baby milk formula can” which “was on the ground.” R. 56-57.
V.
In Vogel v. State, 426 So.2d 863, 882 (Ala.Cr.App.1980), affirmed, 426 So.2d 882 (Ala.1982), cert. denied, 462 U.S. 1107, 103 S.Ct. 2456, 77 L.Ed.2d 1335 (1983), this Court held:
“Once the presence of the first controlled substance is proven, the offense is complete, and the presence of other controlled substances at the same time does not act to split the possession. [W]e thus find that the possession is the criminal offense, and our section does not sanction basing multiple prosecutions or sentences on the mere fact that several types of drugs were so possessed at one point in time....
“It is thus our holding that where, as here, there is but a single point of control in time and place over several types of controlled substances, only a single offense has been committed, the offense of possession of controlled substances, and only one sentence is authorized.”
The issue that the appellant was guilty of only one offense was not preserved for review by any type of objection in the trial court. We note that under the “Drug Crimes Amendments Act of 1987” possession of marijuana is now defined in Ala. Code 1975, §§ 13A-12-213 (felony) and - 214 (misdemeanor), and, under either section, is a separate offense from the unlawful possession of controlled substances defined in § 13A-12-212. See Pool v. State, 570 So.2d 1260 (Ala.Cr.App.), affirmed, 570 So.2d 1263 (Ala.1990); Ransaw v. State, 568 So.2d 363 (Ala.Cr.App.1990).
The appellant received a fair trial. The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.