MONTIEL, Judge.
Diangelo Freeman was indicted for trafficking in cocaine in violation of § 13A-12-231, Code of Alabama 1975. A jury found Freeman guilty of the offense charged in the indictment, and the trial court sentenced him to 30 years in prison.
The evidence adduced at trial tended to show the following. On December 19, 1989, deputies from the Jefferson County sheriffs office executed a search warrant at 6717 Interlaken Avenue in Birmingham. Based on information they had received from an informant and on their own investigation, the deputies believed the apartment had been leased to Sonja Crenshaw and a man they knew as “Mark.” They believed that cocaine was being stored in the apartment. When deputies arrived at the address, they found Crenshaw, Freeman, Roman Keahey, Alonzo King, and two teenagers.
In conducting the search, the deputies discovered several weapons and cocaine. Deputy Richardson testified that most of the cocaine seized was found in the pocket of a jacket hanging in a closet, that cocaine was also found in the pocket of a fur coat; and that Keahey had some cocaine on his person. In all, the deputies discovered more than 52 grams of cocaine in the apartment. Deputies also seized three weapons and ammunition from the apartment.
Deputy Richardson testified that he also searched a white Lincoln automobile parked “[i]n the area right behind the apartment, on the street, or what I consider to be the street behind the apartment.” He said he found two shotguns and shells in the trunk of the *244 car, and a Motorola brand beeper inside the ear. Deputy Richardson testified that he had seen Freeman driving both a white Max-ima automobile and a white Lincoln automobile, but that he did not know to whom the Lincoln was registered. Richardson testified that he did not determine who owned the beeper, and he made no attempt to determine who the guns belonged to.
After searching the car, Deputy Richardson returned to the apartment to complete the paperwork. Deputy Richardson testified that when another deputy brought him a bag containing white powder that was later identified as cocaine, Freeman said, “That ain’t no dope, that is just baking soda.” As a result of the search, Freeman was arrested and charged with trafficking in cocaine.
I
Freeman contends that the trial court erred in allowing into evidence the items that were seized from the Lincoln because they were they fruits of an illegal search. Specifically, Freeman argues that the search of the car was illegal because, he argues, the car was not covered by the search warrant, and there was no basis for the police to believe the car contained any contraband.
According to the record, Deputy Richardson testified that he secured a warrant to search 6717 Interlaken Avenue for cocaine that he believed was being stored there. The warrant read in part:
“You are therefore commanded to make an immediate search of the premises described above, ... for the above described controlled substance(s).... ” (Emphasis added.)
In addition to searching the residence, Deputy Richardson searched a white Lincoln parked “in the area right behind the apartment, on the street.” Two shotguns and a beeper were seized from the ear, all of which were admitted into evidence at Freeman’s trial.
“A search warrant authorizing a search of certain premises generally includes any vehicles located within its curtilage if the objects of the search might be located therein.” English v. State, 603 So.2d 1128, 1129 (Ala.Crim.App.1992) (quoting United States v. Percival, 756 F.2d 600, 612 (7th Cir.1985)). To determine whether the area searched falls within the curtilage of a dwelling, this court must consider four factors: [1] the proximity of the area claimed to be curtilage to the home, [2] whether the area is included within an enclosure surrounding the home, [3] the nature of the uses to which the area is put, and [4] the steps taken by the resident to protect the area from observation by people passing by. Ex parte Hergott, 588 So.2d 911, 915 (Ala.1991) (quoting United States v. Dunn, 480 U.S. 294, 301, 107 S.Ct. 1134, 1139, 94 L.Ed.2d 326 (1987). The State bears the burden of supplying sufficient evidence on the record to show that the searched vehicle was “on the premises” to be searched pursuant to the warrant. See Ex parte Hergott, 588 So.2d at 914.
In this case, all we know of the location of the Lincoln is that it was on the street in the area behind the apartment. Generally, a public street cannot be considered within the curtilage of a dwelling because there is no expectation of privacy. See, Oliver v. United States, 466 U.S. 170, 104 S.Ct. 1735, 80 L.Ed.2d 214 (1984). We do not know how close the Lincoln was to Freeman’s apartment, nor do we know whether the car was parked in a private parking area or pulled up along the curb. From the record, we cannot say that the Lincoln was within the curtilage; therefore, the State did not meet its burden of showing that the Lincoln was “on the premises” to be searched. Additionally, the affidavit supporting the search warrant provided no probable cause for a search of the Lincoln and the deputy had no probable cause to believe evidence or contraband would be found in the ear. See Clark v. State, 527 So.2d 161 (Ala.Crim.App.1987).
Therefore, we hold that search of the Lincoln violated Freeman’s Fourth Amendment rights. Items seized as a direct result of unconstitutional conduct are not admissible at trial. Floyd v. State, 387 So.2d 291, 293-94 (Ala.Crim.App.1980); see also, Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). Because the shotguns and beeper seized from the Lincoln were the result of an illegal search, they *245 should have been suppressed, and reversible error occurred when the trial court allowed those items to be admitted into evidence in this case.
Therefore, we reverse the judgment of the trial court.
REVERSED AND REMANDED.
All the Judges concur.