SHORES, Justice.
We granted certiorari review to determine whether the Court of Criminal Appeals erred in reversing the conviction of Diangelo Marcelle Freeman for trafficking in cocaine in violation of § 13A-12-231, Ala.Code 1975. Freeman v. State, 681 So.2d 242 (Ala.Crim.App.1994). We hold that the Court of Criminal Appeals erred in reversing the conviction.
On December 19, 1989, Jefferson County sheriffs deputies executed a valid search warrant, based on information from a reliable informant and from their own surveillance. The warrant contained the following wording:
“Proof by affidavit having this day been made before me as Judge of the District Court of Jefferson County that there is probable cause for believing that there is presently being unlawfully stored a quantity of cocaine, which is a controlled substance, at 6717 Interlaken Avenue, Birmingham, Jefferson County, Alabama, which is the residence of Sonja Michele Crenshaw and a black male known only as Mark, and that said cocaine is being stored in violation of the Drug Crimes Amendments Act of 1987, Code of Alabama.”
The sheriff’s deputies who executed the search warrant approached both the front door and the back door of the apartment. Sonja Crenshaw opened the back door and they entered. Roman Cahee and Diangelo Freeman were found in the kitchen with her. There was testimony that the search of the apartment uncovered 52 grams of a substance containing cocaine, over $700 in currency, and three loaded weapons and some ammunition. At trial, the State introduced *246 photographs taken during the search; they depicted men’s clothes, along with a large number of men’s tennis shoes, in an upstairs closet. Other photographs depicted the money and the substance containing cocaine. Items seized included a composition book; a sales receipt from Long’s Electronics indicating a sale to Diangelo Freeman; an application for a pistol permit for Diangelo Freeman; a check drawn on an account styled “Sonja Crenshaw or Diangelo Freeman” and made payable to Pagenet beeper service; a cheek drawn on the same account and payable to a furniture company; a bill from Pagenet beeper service to Sonja Freeman; and a rental application dated December 18, 1989, naming Diangelo Freeman and Sonja Freeman as applicants. The deputies also searched a white Lincoln automobile parked behind the apartment; in it they found two shotguns and a beeper.
Deputy Anthony D. Richardson testified that during the search the deputies discovered a paper bag containing a large amount of white powder (wrapped in packages in the bag); he said they found the bag in the pocket of a jacket hanging inside a downstairs closet. He further testified that when Deputy Wilbur Miller pulled the bag out of the jacket pocket, Freeman said, “That ain’t no dope, that is just baking soda.” Sherry Miles, of the Department of Forensic Sciences, testified that she analyzed the white powder and that it contained cocaine. She further testified that one of the packages of powder she examined weighed 52.562 grams.
Freeman was arrested and charged with trafficking in cocaine, in violation of § 13A-12-231, which makes it a felony to be knowingly in actual or constructive possession of 28 grams or more of cocaine or of any mixture containing cocaine. A jury found Freeman guilty, and the court sentenced him to 30 years in the penitentiary.
The Court of Criminal Appeals reversed Freeman’s conviction, holding that the trial court had erred in failing to suppress the two shotguns and the beeper found in the Lincoln automobile parked behind the apartment. The Court held that the vehicle was not located within the curtilage of the premises covered by the search warrant.
The Court of Criminal Appeals correctly stated the rule imposing on the State the burden of presenting sufficient evidence to show that a searched vehicle was on the premises to be searched pursuant to the warrant. Ex parte Hergott, 588 So.2d 911, 915 (Ala.1991), quoting United States v. Dunn, 480 U.S. 294, 301, 107 S.Ct. 1134, 1139, 94 L.Ed.2d 326 (1987). However, in this case even if the search of the Lincoln was improper, the court’s allowing evidence of that search was harmless error. Rule 45, A.R.App.P. It was the search of the apartment that yielded the evidence upon which Freeman was convicted of trafficking in cocaine; that search was valid. Freeman was not charged or convicted upon the basis of anything found in the Lincoln. During a valid search, the deputies found-three loaded weapons and evidence of a beeper system. The evidence regarding the two guns and the beeper seized from the Lincoln did not add anything to the State’s case, nor did it shed any light on any disputed issue. Its introduction, therefore, was harmless error. Dalton v. State, 488 So.2d 13, 14 (Ala.Crim.App. 1986).
For the reasons stated above, the judgment of the Court of Criminal Appeals is reversed and the cause is remanded for an order or proceedings consistent with this opinion.
REVERSED AND REMANDED. *
MADDOX, HOUSTON, KENNEDY, INGRAM, and COOK, JJ., concur.

 Note from the Reporter of Decisions: On August 23, 1996, after remand, the Court of Criminal Appeals affirmed, without opinion.